No. 19,226.

J. M. MILLER, *Appellant,* v. G. E. PHILLIPS, *Appellee.*

SYLLABUS BY THE COURT.

1. INJUNCTION—*Use of Wall on Adjoining Lot—Action Dismissed by the Court—Not Error.* One claiming ownership and possession of a wall sought by injunction to prevent an adjoining proprietor from using such wall, the latter claiming possession and right to possession of a portion thereof. The trial court found that the defendant was solvent and had been led by the plaintiff to believe that the wall could be used, and dismissed the action without prejudice to an action at law to recover damages for the use of the wall. *Held,* not error.

2. JOURNAL ENTRIES—*Unnecessary Statements therein—Not Adjudications.* Unnecessary statements or recitals in the journal entry of such an order of dismissal are not adjudications binding on the parties in such subsequent action at law.

3. SAME—*Relates to Date of Judgment.* A journal entry speaks as of the date the judgment was rendered, and its validity is not impaired by the expiration of the term in the meantime.

Appeal from Morris district court; ROSWELL L. KING, judge. Opinion filed June 6, 1914. Affirmed.

*Clarence A. Crowley,* of Council Grove, for the appellant.

*M. B. Nicholson,* and *W. J. Pirtle,* both of Council Grove, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff owns the west half of a lot and a two-story brick and stone building thereon, the west wall of which he claims is upon and not over the lot line. The defendant owns the adjoining ground upon which a one-story building has been located for many years, and claims that the west wall of plaintiff's building extends six inches over the line upon the lot of the defendant, giving him the right to the use thereof in a new building he had begun to erect when this controversy arose. The plaintiff sued to enjoin the defendant from using and interfering with the west wall of his building, and the defendant answered, alleging in himself and grantors more than thirty years of continuous use, enjoyment and possession of the west six inches of the wall, and alleging that the plaintiff permitted the work to proceed without objection until he was estopped to interfere. Shortly thereafter the defendant sued the plaintiff in another action, claiming the legal and equitable title to the six inches of ground in question, and asked to have his title thereto quieted, to which petition the plaintiff herein filed a plea in abatement setting up the pendency of the former suit. Both cases came on for trial and were consolidated, and after hearing all the evidence the court announced that it would not decide at that time the location of the actual line between the two lots, but stated that it had been recognized for at least thirty or forty years, and that its location ought not to be settled in a suit to quiet title or for injunction as there would be an adequate remedy at law for any damages the plaintiff in the injunction suit might suffer, the defendant being solvent, and suggested that the plain-

tiff would be entitled to pay for the wall when appropriated by the defendant. The cases were dismissed without prejudice, and the journal entry, prepared some time later, recites that the west wall stands on the line between the two lots, and has been recognized by the parties as the boundary line over thirty years; that places for joists were made in the west wall when the building was erected, and a stovepipe hole was left in a chimney built therein, the same being intended to be used in connection with a building that might subsequently be erected upon the defendant's lot; that in 1881 a one-story frame building was put up, the east wall thereof being the west wall of plaintiff's building, such building being attached to and fastened into such wall, and the stovepipe hole therein being used in connection with the defendant's building; that when the injunction was served and in the erection of his building the defendant had been led to believe by the plaintiff that the west wall could be used by the former as the east wall of his building; that the defendant was solvent and could respond to any judgment the plaintiff might recover in an action at law for the appropriation and use of the wall.

"It is therefore, concluded by the court as a matter of law that the plaintiff, Miller, has an adequate remedy at law and that he is estopped from maintaining an action of injunction to prevent the defendant Phillips from appropriating and using the wall in question.

"Wherefore, it is ordered, considered and adjudged by the court that the temporary injunction heretofore granted herein be and is hereby dissolved. And it is further ordered, considered and adjudged by the court that this action be and is hereby dismissed at the costs of the plaintiff, taxed at $——. But it is further ordered that this order or dismissal shall not be considered to prejudice or be a bar to an action for damages for the use and appropriation of the wall in question.

"It is also ordered, considered and adjudged, that said action No. 5552, *Phillips v. Miller,* be and is hereby dismissed at the costs of the plaintiff therein, Phillips,

Miller v. Phillips.

taxed at $————, and that said order of dismissal thereof shall not be considered to prejudice or bar the said Phillips of any defense that he may have to any action at law that may hereafter be commenced against him for the use and appropriation of the party wall in question in this case."

The plaintiff appeals, and argues that under the law as applied to the circumstances he had a right to maintain injunction as the real matter in controversy was as to who had possession of the wall in question, each claiming such possession of the west six inches thereof. Complaint is made of certain rulings touching the admission of evidence, but as the matter was tried by the court we shall assume that only proper and competent evidence affected the decision. It is urged that it was error to dismiss the cause and deny the relief prayed for, and that the dismissal without prejudice was a matter for the plaintiff rather than for the court to determine. Also, that the court erred in announcing findings of fact after the close of the trial and after the close of the term, and that its conclusions of law were erroneous, and that to be relegated to an action at law in view of the findings as to the location of the west wall and the justified belief of the defendant that he had a right to use it places the plaintiff at a great disadvantage.

Our conclusion is that the trial court in fact and in effect simply dismissed the two suits in equity and relegated the plaintiff to an action at law to recover compensation for the use of the wall, without prejudice to the right of the defendant to defend against such action, and that the statements as to the location and ownership of the wall are not adjudications binding either party in such other trial, but matters unnecessarily contained in the order made. The recital that the defendant had been led by the plaintiff to believe the wall could be used afforded an equitable reason for denying the injunction, and it will be observed that the dismissal was without prejudice to an action for dam-

ages, but not without prejudice to another suit for injunction. This recital distinguishes the case from the one relied on by the plaintiff, *Mathis v. Strunk,* 73 Kan. 595, 85 Pac. 590, holding that one in the peaceable possession of a wall can maintain injunction to prevent its use by the adjoining proprietor until he has established his right thereto in a proceeding brought by him for that purpose. There, also, the possession was sole and undisputed, while here it was apparently dual as to the six inches in controversy, each claiming the right to its possession.

The plaintiff contends that an oral permission to use the wall would be void under the statute of frauds, but whether so or not it might furnish a sufficient reason for withholding the aid of a court of equity to prevent the use thus consented to.

The journal entry speaks as of the date when the cause was decided, and its validity is not impaired by the expiration of the term in the meantime. (*Iliff v. Arnott,* 31 Kan. 672, 3 Pac. 525.)

The plaintiff does not, and of course the defendant can not, complain of the dismissal of the suit to quiet title, and in view of the conclusion reached by the trial court touching the defendant's understanding that he would be permitted to use the wall, and his unquestioned solvency, we find no substantial error of which the plaintiff can avail himself.

The order is therefore affirmed.