No. 39,081

Darrell Z. Selbe, *Petitioner*, v. Robert H. Hudspeth, Warden of the Kansas State Penitentiary, *Respondent.*

(259 P. 2d 204)

Opinion filed July 6, 1953.

*Kenneth H. Foust,* of Iola, argued the cause, and was on the briefs for the petitioner.

*Thomas M. Evans,* assistant attorney general, argued the cause, and *Harold R. Fatzer,* attorney general, was with him on the briefs for the respondent.

The opinion of the trial court was delivered by

Thiele, J.: This is an original proceeding in habeas corpus wherein the petitioner seeks his release from the custody of the warden of the state penitentiary.

A brief statement suffices to disclose the legal question involved. On July 7, 1952, an information was filed in the district court of Cowley County charging the defendant, petitioner here, with the crimes of burglary and larceny. According to the journal entry the matter came on for hearing upon the request of the defendant, and

"Thereupon, the defendant is advised of his rights by the court, and informed of the charges against him, and defendant states that he does not wish the services of an attorney and then and there signs and files his written waiver of such attorney.

"Thereupon, the information is read to the defendant and the court inquires of said defendant how he plead to the information as read to him and on file herein.

"Thereupon, the defendant enters his plea of guilty to the offense as read unto him."

The remaining portion of the journal entry contains the sentence of the defendant to the state penitentiary.

The record discloses further that on July 7, 1952, defendant signed a "waiver" which stated that the court duly advised defendant of his right to be represented by counsel and to employ counsel of his own choice and that if he were not able and willing to employ counsel the court would appoint counsel for him and that defendant advised the court and signed "this written waiver" and specifically waived his right to have the court appoint counsel for him and that he did not wish representation by an attorney.

The instant petition for the writ of habeas corpus was prepared by the petitioner and while not artfully drawn it does disclose the allegation that he is being held in custody by reason of the above journal entry of judgment and that he had not been properly advised as to his right to counsel, followed by a detailed statement concerning his trial, including that he was not advised he was entitled to a trial by a jury, and that had he been so advised he would have entered a plea of not guilty. At a later date petitoner filed an amendment to his petition expanding on the advice given him as to his rights by a deputy sheriff.

The respondent filed his answer and return which contained a denial of the allegations of the petition, as amended, and alleged that he held custody of the petitioner under the authority of the judgment shown in the journal entry above mentioned, and that the sentence of petitioner had not expired nor been commuted by the governor and petitioner was lawfully detained.

We shall confine our discussion and decision to the necessity of compliance with the provisions of G. S. 1949, 62-1304, dealing with appointment of counsel for accused and the completion of the record in connection therewith.

From the time of our first territorial legislature in 1855 to the year 1941 our code of criminal procedure provided, in substance, that if a person about to be arraigned for felony be without counsel to conduct his defense and be unable to employ any, it was the duty of the court to assign him counsel at his request. See G. S. 1935, 62-1304. Neither this section, nor any other, made any provision for preserving any record connected with nor the appointment of any counsel for an accused, and this court was confronted on many

occasions with contentions growing out of the failure of an accused to be represented by counsel. (See, e. g., *Jones v. Amrine*, 154 Kan. 630, 121 P. 2d 263, which was decided after the above section of the criminal code was amended, but treating a situation which arose prior to the amendment as next noted.)

To forestall such controversies and to provide for a definite and specific record of the appointment of counsel for an accused and of matters pertinent thereto the legislature amended the section of the statute above noted by the enactment of Laws 1941, chapter 291, section 1, now appearing as G. S. 1949, 62-1304. That portion of the amended section necessary to note reads:

"*If any person* about to be arraigned upon an indictment or *information* for any offense against the laws of this state *be without counsel to conduct his defense, it shall be the duty of the court to inform him that he is entitled to counsel,* and to give him an opportunity to employ counsel of his own choosing, if he states that he is able and willing to do so. If he does ask to consult counsel of his own choosing, the court shall permit him to do so, if such counsel is within the territorial jurisdiction of the court. *If he is not able and willing to employ counsel,* and does not ask to consult counsel of his own choosing, *the court ·shall appoint counsel to represent him, unless he states in writing that he does not want counsel to represent him and the court shall find that the appointment of counsel over his objection will not be to his advantage. A record of such proceeding shall be made by the court reporter, which shall be transcribed and reduced to writing by the reporter, who shall certify to the correctness of such transcript, and such transcript shall be filed and made a part of the files in the cause.* The substance of the proceedings provided for herein shall be entered of record in the journal and shall be incorporated in the journal entry of trial and judgment. . . ." (Emphasis supplied.)

To reiterate, it will be observed that the above statute makes it the duty of the court to inform the accused he is entitled to counsel and that if he is not able and willing to employ counsel of his own choosing to appoint counsel for him, unless he states in writing that he does not want counsel and the court shall find that appointment of counsel over his objection will not be to his advantage. Further, a record of the proceeding shall be made by the court reporter which shall be transcribed and reduced to writing, certified as to correctness, which transcript shall be filed and made a part of the files in the cause, and the substance of the proceedings shall be entered of record in the journal and incorporated in the journal entry of trial and judgment. The language used in the statute is clearly a command to the trial court and the court reporter, and cannot be

interpreted as being merely directory, nor as leaving something to discretion.

Although the factual situation was somewhat different than in the case at bar, this court considered the force and effect of the above statute requiring appointment of counsel for an accused and results following a failure to observe it in *Davis v. Hudspeth,* 161 Kan. 354, 167 P. 2d 293, and held:

"When any person is about to be arraigned upon an information or indictment all of the provisions of G. S. 1943 Supp. 62-1304, are mandatory and . strict compliance must be made therewith in order to give a court jurisdiction to accept a plea of guilty.

"Upon a petition for a writ of habeas corpus predicated on a sustained contention that the accused did not waive in writing his right to counsel, this court has authority to release the petitioner from confinement in the penitentiary and to order that he be placed in the custody of the sheriff of the proper county to await appropriate proceedings against him." (Syl. ¶¶ 1, 2.)

The rules laid down in the last cited case were approved and followed in *Dunfee v. Hudspeth,* 162 Kan. 524, 178 P. 2d 1009, and *Brandt v. Hudspeth,* 162 Kan. 601, 178 P. 2d 224.

In the case at bar a mere reading of the journal entry shows that full compliance with the statute was not had for there is no finding that appointment of counsel would not be to the advantage of the accused, nor any statement showing compliance as to completion of the record. Further, the respondent says in his brief the court reporter has been unable to find notes for the period covering dates in question. We can only interpret this statement as a concession that even if the court reporter made a record of the proceeding, and it is not positively stated he did so, he certainly did not transcribe those notes, certify the correctness of the transcript and file the same as the statute demands. The purpose of the statute was to provide for a record that disclosed fully what occurred, so that there could be no controversy as to what advice was given to the accused by the court and his responses and answers to any questions asked him or as to whether the trial court made the findings requisite under the statute. The statute placed plain and unambiguous duties upon the trial court as well as upon the court reporter and their failure to perform those duties cannot be condoned. The journal entry of judgment on which the respondent relies does not disclose compliance with the statutory mandate.

The respondent, however, contends that the language of the section above mentioned is no more mandatory than that contained in

G. S. 1949, 62-1516, which is original G. S. 1935, 62-1516, as amended by Laws 1941, chapter 291, section 2, and the same act which amended the section first discussed, and that we have held that the failure to make the journal entry of judgment fully comply by references to the statutes under which accused was tried and later sentenced is one that can be corrected by an entry *nunc pro tunc*. (See, e. g., *Wilson v. Hudspeth*, 165 Kan. 666, 198 P. 2d 165.) In our opinion there is a fundamental difference between completing a record of what transpired after verdict and acceptance thereof by the court and the imposition of sentence thereon, which has nothing to do with the primary right of an accused to a trial safeguarded as provided by statute, and a record that must show such rights were safeguarded. In the one case the journal entry corrects a mere failure to make specific reference to the statute under which the accused was charged and to the statute under which he was sentenced, a matter concerning which must have been before the court but through oversight was omitted from the journal entry, while in the other case compliance with the statute concerning representation by counsel is a condition precedent to arraignment and trial. What might be the situation if otherwise complete proceedings were taken by the court reporter, duly transcribed and certified, but not filed is not the question before us. The instant journal entry of judgment fails to show that there was compliance with the statute as to appointment of counsel. The only purpose of a *nunc pro tunc* entry would be to make the journal show what did occur. Concededly no transcript was ever made and filed. As a matter of fact no effort was ever made to obtain an order *nunc pro tunc* but we will not even assume that either the respondent, or the state, would ask, or that the trial court would approve and sign, an order *nunc pro tunc* to show something that never occurred.

Since the trial court was without jurisdiction to accept petitioner's plea of guilty, that plea and the sentence of imprisonment rendered thereon are nullities and must be vacated and set aside. That however does not mean that petitioner is entitled to his unrestrained liberty. The order of this court is that the plea of guilty and the judgment sentencing petitioner to confinement in the state penitentiary be and they are set aside and that respondent deliver the petitioner to the sheriff of Cowley County for return to that county for further procedure in harmony herewith.

PARKER, J., dissents.