No. 40,113

JACK CUNNINGHAM, *Petitioner,* v. A. H. HOFFMAN, Warden, Kansas State Penitentiary, State of Kansas, *Respondent.*

(296 P. 2d 1081)

Opinion filed May 5, 1956.

*Jack Cunningham,* pro se.

*John Anderson, Jr.,* attorney general, and *Robert J. Roth,* assistant attorney general, were on the brief for the respondent.

The opinion of the court was delivered by

WERTZ, J.: This is an original proceeding in habeas corpus. The petition for the writ, in substance, alleged that petitioner is

being held, illegally and restrained by respondent A. H. Hoffman, Warden of the Kansas State Penitentiary, in direct violation of his constitutional rights. Petitioner contends (1) that the second amended information upon which he was tried was not the charge upon which he had a preliminary hearing; (2) that the charge contained in the information, as amended, and upon which he was tried and convicted is not consistent with the commitment, and (3) that the sentence adjudged under the habitual criminal act was illegal, and that he was not confronted by witnesses as to his being previously confined, and that no certified copy of his record of previous convictions was produced at the trial.

Petitioner was charged, tried and convicted of uttering and passing a forged check under the provisions of G. S. 1949, 21-609, and sentenced as a habitual criminal for a term of fifteen years, under the provisions of G. S. 1949, 21-107a.

A review of the record discloses that the journal entry of judgment of conviction and sentence appears to be regular in all respects, and discloses that petitioner was represented by counsel, that the court entered a plea of not guilty for him, that the case came on regularly for hearing, that his motion to quash the information, as amended, was duly presented and overruled, that the cause was tried before a jury, that the state and the petitioner offered their evidence, and the cause was presented to the jury under proper instruction by the court, to which there was no objection, and that the jury returned a verdict finding the petitioner guilty of uttering and passing a forged check as charged in the information. The jury was duly polled. Petitioner filed a motion for a new trial which was argued and submitted to the court and overruled. Prior to the sentence, the state introduced evidence of petitioner's prior convictions showing that on March 14, 1946, in the district court of Montgomery county, the defendant was convicted of the felony of burglary, and the felony of larceny in connection with the burglary, and was sentenced to a term of not less than five nor more than ten years for burglary, and a term of not exceeding five years for larceny in connection therewith, all as shown by a certified copy of the journal entry in that case, and on October 11, 1949, in the district court of the first judicial district of the state of Utah, in and for the county of Rich, petitioner was convicted of the crime of issuing a fraudulent check, a felony, and was sentenced to the Utah state penitentiary for an indeterminate

term of not more than fourteen years, as shown by a certified copy of the information, arraignment, plea and sentence from the clerk of the Utah court. Moreover, the petitioner testified as to his previous convictions of these offenses. Inasmuch as he had been twice before convicted of felonies, he was sentenced as a habitual criminal under G. S. 1949, 21-107a.

None of the contentions of petitioner are supported or corroborated by the record. This court has long been committed to the rule that the unsupported and uncorroborated statements of the petitioner in a habeas corpus proceeding do not sustain the burden of proof or justify the granting of a writ where, as here, the judgment rendered is regular on its face and entitled to a presumption of regularity and validity. (*Hartman v. Edmondson,* 178 Kan. 164, 166, 283 P. 2d 397; *Strong v. Edmondson,* 177 Kan. 247, 277 P. 2d 585.)

Petitioner alleged only trial errors, and this court in a long line of decisions has held that a proceeding in habeas corpus is not a substitute for a review of trial errors by appeal, and does not serve the function of a motion for a new trial. The remedy for correction of errors committed by a district court in the course of a prosecution for crime is not by habeas corpus, but by a motion for a new trial and, if such motion is denied, by appeal. (*Strong v. Edmondson,* supra; *Selbe v. Hoffman,* 178 Kan. 695, 290 P. 2d 1027.)

Petitioner contends that he did not have a preliminary hearing on the charges contained in the second amended information. He makes no contention that he did not have a preliminary examination for the offense charged in the complaint and warrant, prior to the filing of the first information. The purpose of a preliminary examination is to give a defendant reasonable notice as to the nature and character of the offense charged against him.

G. S. 1949, 62-808, provides that an information may be amended in matter of substance or form at any time before the defendant pleads, without leave. It is not necessary that the papers and proceedings on the preliminary examination should set forth the offense in all its details, and with perfect and exhaustive accuracy. For the purpose of authorizing a final trial, and requiring that the defendant should plead to the merits of the action, all that is necessary is that the defendant should be given a fair opportunity to know, by a proffered preliminary examination, the general character and outlines of the offense charged against him; and it is not

necessary that all the details and technical averments, required in an information, should be set forth in the papers used on the preliminary examination; and the defendant should take notice, from the evidence introduced by the state on the preliminary examination, as well as from the papers in the case, of the nature and character of the offense charged against him. (*State v. Bailey*, 32 Kan. 83, 3 Pac. 769; *State v. Tucker*, 115 Kan. 203, 222 Pac. 96; *State v. Rangel*, 169 Kan. 194, 217 P. 2d 1063.) Petitioner does not complain of not having had a preliminary examination in the first instance, and in the absence of a showing it is concluded that he received such an examination and that he knew what charges would be leveled against him. There is nothing in the record to show that he made any contention at the time of trial of not having received a preliminary examination on the offenses charged.

The petitioner next contends that the commitment showed he was found guilty of forgery when he was not charged with forgery in the information. Again, there is no evidence to sustain this contention. The record clearly discloses that the petitioner was charged with passing and uttering the check involved. The judgment of the court shows that the petitioner was found guilty under an information for the crime of uttering and passing a forged check. The commitment to the penitentiary discloses that the defendant was convicted and sentenced for the offense of passing and uttering a forged check, under G. S. 1949, 21-609. It is, therefore, apparent that no inconsistency exists between the commitment and the judgment of the court.

Petitioner's further contention that the finding of the court that he should be sentenced as a habitual criminal without having been confronted by witnesses testifying as to his prior record, and without certified documents of his prior record having been admitted, is without merit. His mere statement is without corroboration and is refuted by the record. Petitioner testified that he had been previously convicted of a felony on two specific occasions, and admitted that he had been sentenced for the crimes of burglary and grand larceny in Kansas, and that he had been sentenced for a felony in the state of Utah. The record further discloses that certified copies of such convictions were introduced in evidence. Moreover, these are trial errors and cannot be raised except by appeal.

The result is that the writ prayed for must be denied.