No. 41,719

Gene Goetz, *Petitioner*, v. Tracy A. Hand, Warden of the Kansas State Penitentiary, *Respondent*.

(347 P. 2d 349)

Opinion filed December 12, 1959.

*Gene Goetz,* petitioner, *pro se.*

*J. Richard Foth,* Assistant Attorney General, argued the cause, and *John Anderson, Jr.,* Attorney General, was with him on the brief for respondent.

The opinion of the court was delivered by

SCHROEDER, J.: This is an original proceeding in habeas corpus. The petitioner is presently confined in the Kansas State Penitentiary pursuant to an order of the district court of Meade County, Kansas, entered on the 30th day of August, 1958, wherein the petitioner was sentenced to a term of one to five years for the crime of issuing a worthless check.

The question presented is whether the district court of Meade County, which originally tried the petitioner on the worthless check charge, fully complied with the jurisdictional requirements of G. S. 1957 Supp., 62-1304.

The petitioner was charged in the district court of Meade County, Kansas, with the offense of issuing a worthless check. On August 30, 1958, the petitioner appeared before the court without counsel of his own choice and the court appointed E. Keith Beard, a member of the Meade County Bar, to represent him. The petitioner was then arraigned and entered a plea of guilty to the charge set forth in the information. He was thereupon sentenced to the Kansas State Penitentiary where he is now confined.

From a letter annexed to the petition it appears that the official court reporter was on vacation at the time the petitioner entered his plea, and therefore no record was made by the reporter of the appointment of counsel.

The petitioner charges that the Meade County district court was without jurisdiction to accept a plea of guilty for the reason that it failed to give him an opportunity to consult counsel of his own

choosing and denied him an opportunity to consult with any counsel. The petitioner then alleges:

". . . If the court did appoint counsel as alleged in the 'Judgment of Conviction' it was without your petitioner consent or knowledge and such counsel never conferred with him concerning the offense charged or the penalty therefore . . ."

The petitioner further denies that he was represented by counsel and alleges that "the failure of the reporter to make the required record now denies him the means with which he could prove that he did ask to consult counsel of his own choosing and was denied."

The "Judgment of Conviction" filed in the district court of Meade County on the 2nd day of September, 1958, in the petitioner's case states the matter came on for hearing on the 10th day of August, 1958, and after reciting the charge and the statutes pursuant to which the action was filed, reads in part:

"The defendant, Gene Goetz, appeared in court without counsel of his own choice. Upon interrogation by the court as to whether he had sufficient funds with which to retain counsel, he stated he did not, and the court duly appointed E. Keith Beard, a qualified, licensed and regularly practicing attorney in Meade County, Kansas, to represent defendant. The State of Kansas appeared by and through Bradley Post, the duly appointed, qualified and acting County Attorney in and for said County of Meade.

"Thereupon, the court inquired of the defendant and counsel whether or not a sufficient preliminary hearing was held, and the court was advised that preliminary hearing was waived by the defendant.

"Thereupon, the defendant was asked by the court whether or not he knew that he was entitled to trial by jury, at which time he stated he wished to waive jury trial and have trial held before the court. Defendant thereupon advised the court he was ready to proceed with formal arraignment. Formal arraignment was then held and the defendant and his counsel answered in the affirmative upon inquiry by the court as to whether or not they were ready to enter a plea to the charge as read. Upon being asked what the plea was, defendant answered 'Guilty.' The court then inquired of the defendant whether or not he knew the maximum penalty which could be assessed against him under the statutes and the defendant stated that he did.

"Thereupon, the court accepted the defendant's plea of 'Guilty' and found the defendant guilty as charged in the information. Upon the court's inquiry as to whether or not there was any reason to urge why sentence should not be imposed at this time was answered in the negative.

"THEREUPON, no sufficient cause being alleged or appearing to the court why judgment should not be pronounced, with the defendant and his duly appointed attorney being present in person in open court and Bradley Post being present for the state of Kansas, the following judgment and sentence was entered in accordance with 1949 G. S. of Kansas, 21-554 and 21-555."

The foregoing "Judgment of Conviction" was approved by Bradley Post, County Attorney, and E. Keith Beard, *"Attorney appointed by the court to represent defendant."* (Emphasis added.) It was also signed by the district judge.

The allegations of the petitioner that he was not represented by counsel, that the court denied him an opportunity to consult counsel, that if the court did appoint counsel it was without his knowledge and consent, and that his appointed counsel never conferred with him, are denied by the respondent. Furthermore, they are wholly uncorroborated. This court is committed to the rule that the unsupported and uncorroborated statements of the petitioner in a habeas corpus proceeding do not sustain the burden of proof or justify the granting of his writ where the judgment rendered is regular on its face and entitled to a presumption of regularity and validity. (*Cunningham v. Hoffman,* 179 Kan. 609, 611, 296 P. 2d 1081, and cases cited therein.) Further, it is presumed that an attorney appointed to represent an accused in a criminal case discharged all duties imposed upon him by the provisions of 62-1304, *supra,* and this presumption is not overcome by the uncorroborated statements of the petitioner in a habeas corpus proceeding.

Conceding that no record of the proceedings was made by the court reporter or transcribed and reduced to writing showing the appointment of counsel as provided in G. S. 1957 Supp., 62-1304, the question is whether compliance with this provision of the statute is necessary to prove that the jurisdictional requirements of the above section of the statute have been met.

The provisions of G. S. 1949, 62-1304, were recently before this court for review in *Ramsey v. Hand,* 185 Kan. 350, 343 P. 2d 225. Reference is made to the *Ramsey* opinion and to the provisions of the foregoing statute as numbered and quoted therein. It should be noted the provisions of G. S. 1957 Supp., 62-1304, presently before the court, are identical with the provisions of G. S. 1949, 62-1304, quoted in the *Ramsey* case.

It was determined in the *Ramsey* case, where no counsel was appointed to represent the accused, that compliance with only the first three numbered provisions of the statute were jurisdictional to the acceptance of a plea of guilty. The provision of the statute with which we are here concerned is numbered [4].

It was recognized in the *Ramsey* case, after reviewing *Selbe v. Hudspeth,* 175 Kan. 154, 259 P. 2d 204, and other decisions cited

therein, that the primary right of an accused to a trial, safeguarded as provided by the statute, must be disclosed by a record which shows such rights were safeguarded. It was further said:

". . . Proof that the foregoing jurisdictional requirements have been met, when challenged, can be established only by a record of such procedings made as provided in the statute. These provisions are identified by numbers [4] and [5] in the quoted portion of 62-1304, *supra*." (p. 359.)

The question resolves into whether, on the facts and circumstances here presented, proof that the jurisdictional requirements of the statute have been met requires compliance with both provisions [4] and [5], or whether compliance with [5] only is sufficient. This resolves into whether the failure of the court reporter to make a record of the proceedings is sufficient to render the conviction and sentence void.

G. S. 1949, 62-1516, provides in part as follows:

"*When judgment is rendered, or sentence of imprisonment is imposed, upon a plea or verdict of guilty, a record thereof shall be made upon the journal of the court,* which record among other things shall contain a statement of the offense charged, and under what statute; the plea or verdict and the judgment rendered or sentence imposed, and under what statute, and a statement that the defendant was duly represented by counsel, naming such counsel, or a statement that the defendant has stated in writing that he did not want counsel to represent him . . . It shall be the duty of the court personally to examine with care the entry prepared for the journal, or the journal when written up, and to sign the same and to certify to the correctness thereof." (Emphasis added.)

The foregoing statutory section was discussed in the *Selbe* case, but there the journal entry was materially deficient in many of the particulars specified in 62-1304, *supra,* and in 62-1516, *supra.*

All presumptions are in favor of the regularity of proceedings, and it will be assumed that upon approval of the "Judgment of Conviction" a record thereof was made upon the *Journal* of the district court by the clerk under the direction of the court. It thereby became the record of the judgment reciting the essential facts specified in 62-1304, *supra,* and in 62-1516, *supra.* (See, *State v. Linderholm,* 90 Kan. 489, 135 Pac. 564.) A journal entry speaks as of the date of the judgment (*Miller v. Phillips,* 92 Kan. 662, 141 Pac. 297; and *Gates v. Gates,* 160 Kan. 428, 163 P. 2d 395) and the record of a judgment entered on the journal speaks as of the date of the judgment.

The recital of a judgment record as to facts is *prima facie* sufficient

to establish the facts recited and cannot be disregarded without clear and satisfactory proof to the contrary. (See, *O'Driscoll v. Soper,* 19 Kan. 574.)

The evil which 62-1304, *supra,* was designed to correct was noted in both the *Ramsey* and *Selbe* cases. Prior to the enactment of the foregoing section of the statute, this court was confronted on many occasions with contentions growing out of the *failure of an accused to be represented by counsel,* and the obvious intent of the statute was to safeguard the accused's right to have counsel.

In the instant case counsel was appointed to represent the petitioner in the district court of Meade County and the judgment record is *prima facie* evidence of the facts which it recites showing full compliance with the jurisdictional requirements of 62-1304, *supra,* insofar as they may be said to have application where counsel is appointed to represent an accused. The uncorroborated statements of the petitioner are insufficient to overcome this evidence.

Obviously, if the court reporter were present in the trial court to make a record of the proceedings relating to the appointment of counsel, such record transcribed and reduced to writing by the court reporter and certified as required by the statute, showing full compliance with the jurisdictional requirements, would be merely cumulative of the facts which the record already discloses, because 62-1304 imposes upon the trial court *the duty to enter the substance of the proceedings provided for in this section of the statute of record in the journal and to incorporate them in the journal entry of trial and judgment.* Similar duties are imposed upon the trial court by the provisions of 62-1516, *supra.*

The instant case is somewhat analogous to *Trugillo v. Edmondson,* 176 Kan. 195, 270 P. 2d 219, where the procedure relating to the appointment of counsel did not fully comply with G. S. 1949, 62-1304. It was there held that any irregularity in the appointment of counsel to represent the accused was an afterthought of the petitioner after having talked to his present counsel, and the failure to comply with the statute did not render the proceedings void. There, however, the accused pleaded not guilty and upon trial before a jury was found guilty.

We therefore hold in a criminal action where counsel is appointed to represent an accused who is sentenced to imprisonment upon his plea of guilty, a judgment record showing full compliance with the jurisdictional requirements of 62-1304, *supra,* insofar as applicable,

is *prima facie* evidence to prove that the primary rights of the accused to a trial have been safeguarded as provided in the statute, and the uncorroborated statements of the accused in a subsequent habeas corpus action are insufficient to overcome this evidence. The failure of the court reporter to be present and make a record of the proceedings under such circumstances is merely an irregularity which is not sufficient to vitiate the proceedings.

The petitioner's writ of habeas corpus is denied.