No. 41,613

GORDON W. TIBBETT, *Appellant*, v. TRACY A. HAND, Warden of the Kansas State Penitentiary, *Appellee*.

(347 P. 2d 353)

*Gordon W. Tibbett,* appellant, *pro se.*

*J. Richard Foth,* Assistant Attorney General, argued the cause, and *John Anderson, Jr.,* Attorney General, was with him on the brief for appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a habeas corpus action by the petitioner from an order of the district court of Leavenworth County, Kansas, denying the petitioner's writ.

The appellant is presently confined in the Kansas State Penitentiary pursuant to the order of the district court of Finney County, Kansas, entered on the 20th day of December, 1957, wherein he was sentenced to a term of not more than ten years on each of two counts of second degree forgery. On May 8, 1959, the appellant filed a petition for a writ of habeas corpus in the district court of Leavenworth County, Kansas. The matter was heard on the 20th day of May, 1959, at which time the writ was denied and the appellant remanded to the custody of the Warden of the Kansas State Penitentiary, appellee. Thereafter, appellant perfected this appeal.

The sole question presented is whether the district court of Finney County, which originally tried the appellant, fully complied with the jurisdictional requirements of G. S. 1957 Supp., 62-1304, regarding the appointment of counsel.

On December 17, 1957, the appellant was about to be arraigned on an information in the district court of Finney County, Kansas, charging him with two counts of second degree forgery. The appellant appeared without counsel, and the court appointed Harrison Smith, a member of the Finney County Bar, to represent him. The matter was then continued to December 20, 1957. On this latter date, the appellant appeared before the court with his attorney, waived formal arraignment, and pleaded guilty to each count in the information. He was thereupon sentenced to the penitentiary.

The appellant's sole contention in this proceeding is that the official court reporter did not make and transcribe the notes of the appointment of counsel on the 17th day of December, 1957, or of the arraignment and plea on the 20th day of December, 1957, in the district court of Finney County.

There is attached to the petition of the appellant for the writ of habeas corpus, however, a transcript prepared by the official court reporter showing the appointment of counsel for the appellant in the district court of Finney County. Omitting the caption, it reads:

"APPEARANCES: For the State—Duane E. West, County Attorney. For the Defendant—In Person.

"THE COURT: Let the record show that the defendant is without counsel; that the defendant is without funds with which to employ counsel; that the defendant desires that the Court appoint counsel to represent him in this action; that the defendant has been informed by the Court of his right to trial by a jury, and that the Court appoints Harrison Smith, a duly licensed and practicing attorney within the Thirty-Second Judicial District, as counsel for the defendant in this action.

"Date: December 17, 1957."

The foregoing transcript was certified as true and correct by the official court reporter of the Thirty-Second Judicial District of Kansas over her signature.

In his brief, among other things, the appellant charges that he did tell the court he had preference to an attorney but was denied that preference, and that he "never did plead guilty but was plead guilty by one Harrison Smith, Court appointed attorney who was appointed by the Court over the protests of defendant."

Assuming the charges set forth in the appellant's brief are properly before the court, they are the uncorroborated statements of the appellant. This court is committed to the rule that the unsupported and uncorroborated statements of a petitioner in a habeas corpus proceeding do not sustain the burden of proof or justify the granting of his writ where the judgment rendered is regular on its face and entitled to a presumption of regularity and validity. (*Cunningham v. Hoffman,* 179 Kan. 609, 611, 296 P. 2d 1081; and cases cited therein.)

The journal entry of trial and judgment in the Finney County district court introduced by the respondent appellee, after placing in issue the material allegations of the petition, fully discloses the trial proceedings of the appellant before the district court of Finney County. On the 17th day of December, 1957, the matter came on for hearing and the appellant appeared in person in the custody of the sheriff with no attorney.

The journal entry then reads in part:

"The court is informed that the defendant does not have an attorney and the court interrogates the defendant as to whether or not he has funds with which to employ counsel and the defendant informs the court that he does

not have funds with which to employ an attorney but that if counsel were appointed for him he would consult with such counsel and heed his advice. The court thereupon inquiries of the defendant if he has any preference as to counsel if one were appointed for him and the defendant advises the court that he has no preference.

"Thereupon the court appoints Harrison Smith, a regular, competent, qualified and practicing attorney of the Finney County Bar to represent the defendant in this action.

"Thereafter, and on the 20th day of December, 1957, this being a judicial day of this court, this cause again comes on for hearing, the plaintiff appearing by Duane E. West, County Attorney, and the defendant appearing in person and by his attorney, Harrison Smith.

"Thereupon, the defendant informs the court, by his attorney, that he waives formal arraignment of the charges and desires to enter pleas of guilty to each count of the crimes as charged in the Information, said crimes being defined in Section 21-608 and Section 21-609 of the General Statutes of Kansas for 1949, and the penalties for said crimes being outlined in Section 21-631 of said Statutes, said crimes being that of forging and uttering a check.

"Counsel for the defendant informs the court that he has furnished the defendant with a copy of the Information filed in this cause and has explained the charges to defendant and discussed it with him; that he has fully advised defendant as to the nature of the crimes with which he is charged, the penalties prescribed therefor and the possible sentence if, in fact, the defendant were upon jury trial found guilty of said offenses.

"Thereupon, the court interrogates the defendant as to his knowledge of the offenses charged; the penalties prescribed therefor, and as to defendant's desire to enter a plea of guilty to both counts as charged. Defendant informs the court that he is well aware of the offenses, the penalties prescribed therefor, and his right to trial by jury on said charges and that it is still his desire that his pleas of guilty to the counts be accepted by the court. Thereupon the court announces that the pleas offered by the defendant are accepted and the court then inquires of defendant and of his attorney if they or either of them, have any reason to give why sentence should not now be passed upon the defendant and no reason is given."

The appellant's contention that the official court reporter did not make and transcribe the notes of the appointment of counsel on the 17th day of December, 1957, cannot be sustained. Conceding that the court reporter did not take notes or make a record of the arraignment and plea on the 20th day of December, 1957, and even assuming the record made by the court reporter of the appointment of counsel was insufficient, the appellant has not established grounds for a discharge. Under these facts and circumstances the decision is controlled by *Goetz v. Hand*, 185 Kan. 788, 347 P. 2d 349, decided this date. It was there held:

"In a criminal action where counsel is appointed to represent an accused who is sentenced to imprisonment upon his plea of guilty, a judgment record

showing full compliance with the jurisdictional requirements of G. S. 1957 Supp., 62-1304, (specified in *Ramsey v. Hand*, 185 Kan. 350, 343 P. 2d 225), insofar as applicable, is *prima facie* evidence to prove that the primary rights of the accused to a trial have been safeguarded as provided in the statute, and the uncorroborated statements of the accused in a subsequent habeas corpus action are insufficient to overcome this evidence. The failure of the court reporter to be present and make a record of the proceedings under such circumstances is merely an irregularity which is not sufficient to vitiate the proceedings."

The judgment of the district court of Leavenworth County denying the appellant's writ of habeas corpus is affirmed.

Opinion filed December 12, 1959.