Gene GOETZ, Petitioner,

v.

Tracy A. HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, Respondent.

No. 3048 H. C.

United States District Court
D. Kansas.

Nov. 4, 1960.

Raymond L. Spring, Topeka, Kan., for petitioner.

Charles N. Henson, Jr., and J. Richard Foth, Asst. Attys. Gen., for respondent.

ARTHUR J. STANLEY, JR., District Judge.

The petitioner is a prisoner in the Kansas State Penitentiary as a result of his conviction in the District Court of Meade County on a worthless check charge. The conviction followed his plea of guilty to the offense as charged by information. The petitioner has alleged that upon being brought before the District Court of Meade County, he requested the right to call counsel of his choice, but that this request was denied by the court. He further alleges that counsel was appointed by the court, but that petitioner had no opportunity to consult with the appointed counsel before being

required to plead to the charge in the information.

The right of criminal defendants to counsel is provided by Kan.G.S.1959 Supp., 62–1304, as follows:

"(a) If any person about to be arraigned upon an indictment or information for any offense against the laws of this state be without counsel to conduct his defense, it shall be the duty of the court to inform him that he is entitled to counsel, and to give him an opportunity to employ counsel of his own choosing, if he states that he is able and willing to do so. If he does ask to consult counsel of his own choosing, the court shall permit him to do so, if such counsel is within the territorial jurisdiction of the court. If he is not able and willing to employ counsel, and does not ask to consult counsel of his own choosing, the court shall appoint counsel to represent him, unless he states in writing that he does not want counsel to represent him and the court shall find that the appointment of counsel over his objection will not be to his advantage. A record of such proceeding shall be made by the court reporter, which shall be transcribed and reduced to writing by the reporter, who shall certify to the correctness of such transcript, and such transcript shall be filed and made a part of the files in the cause. The substance of the proceedings provided for herein shall be entered of record in the journal and shall be incorporated in the journal entry of trial and judgment. * * *"

There was no court reporter present at the proceedings before the Meade County District Court, and consequently no transcript was ever prepared or filed. There is attached to respondent's return a journal entry entitled, "Judgment of Conviction," signed by the district court judge and approved by the county attorney and the appointed counsel for the petitioner. This journal entry recites in part as follows:

"The defendant, Gene Goetz, appeared in court without counsel of his own choice. Upon interrogation by the court as to whether he had sufficient funds with which to retain counsel, he stated he did not, and the court duly appointed E. Keith Beard, a qualified, licensed and regularly practicing attorney in Meade County, Kansas, to represent defendant. * * *

"Thereupon, the defendant was asked by the court whether or not he knew that he was entitled to trial by jury, at which time he stated he wished to waive jury trial and have trial held before the court. Defendant thereupon advised the court he was ready to proceed with formal arraignment. Formal arraignment was then held and the defendant and his counsel answered in the affirmative upon inquiry by the court as to whether or not they were ready to enter a plea to the charge as read. * * *"

The allegations of the return are not denied by the petitioner.

Subsequent to his conviction and incarceration, petitioner filed a petition for a writ of habeas corpus in the Kansas Supreme Court, in which he alleged the same matters now presented to this court. The Kansas Supreme Court denied the writ, holding that the failure to observe the requirement of the statute that a record of the proceedings be made and transcribed by a court reporter was a mere irregularity and did not deprive the district court of jurisdiction to accept a plea of guilty. Goetz v. Hand, 1959, 185 Kan. 788, 347 P.2d 349. Petitioner's application to the Supreme Court of the United States for a writ of certiorari to review this decision was denied, 1960, 362 U.S. 981, 80 S.Ct. 1068, 4 L.Ed.2d 1016.

The petitioner now contends that the decision of the Kansas Supreme Court is not a decision construing a state statute, but rather is one determining the effect of a failure to comply therewith. Petitioner urges that the statutory require-

ments were clarified in the cases of Davis v. Hudspeth, 1946, 161 Kan. 354, 167 P.2d 293, and Selbe v. Hudspeth, 1953, 175 Kan. 154, 259 P.2d 204, which held that compliance with G.S. 62–1304 in all particulars is mandatory.

■ Certain fundamental rights, encompassed within the phrase, "due process," are guaranteed by the Fourteenth Amendment to those accused of the commission of a crime. The states must respect these rights of criminal defendants. The states are free to extend rights to the criminal defendant beyond what is called for in the Fourteenth Amendment. See e. g., Betts v. Brady, 1942, 316 U.S. 455, 62 S.Ct. 1252, 86 L. Ed. 1595. When a states chooses to provide such additional protection, then the state court should be allowed the last word in determining the limits and boundaries of such rights.

■ The Kansas Supreme Court has decided that a judgment entry reciting the pertinent facts is *prima facie* evidence that the primary rights of the accused to a trial have been safeguarded as provided in G.S. 62–1304. Goetz v. Hand, supra. This court is bound by that interpretation unless it should find a denial of the fairness requisite in the concept of due process. This is so even though this court might reach a contrary result if it were deciding the matter as an original proposition.

■ The journal entry reflects that the trial court inquired whether the petitioner had the money to employ an attorney. Upon being told by the petitioner that he did not have sufficient funds, the trial court appointed counsel to represent the petitioner. The petitioner now says that he asked leave of the trial court to consult with an attorney located in another city than where the court was sitting. In light of petitioner's statement that he had no funds to employ an attorney, the trial court was justified in denying this request, if it was made, and appointing an attorney residing and practicing in the city where the court was sitting. Although there are cases which say that the criminal defendant has the unqualified right to be heard through his counsel, e. g., Chandler v. Fretag, 1954, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4, in no such case was the defendant actually represented by effective appointed counsel. The petitioner has made no claim that the attorney appointed to represent him was incompetent, unfaithful or inexperienced. As to the allegation that the petitioner was not given sufficient opportunity to consult with his appointed attorney, this court does not believe that the petitioner's attorney would have approved the journal entry, or that the trial judge would have signed it unless the petitioner and his attorney had been given sufficient opportunity to confer before entry of the plea of guilty. The journal entry recites that the defendant said that he was *ready* to proceed with arraignment and that he was *ready* to plead to the charge.

■ It is not a function of this court when presented with petitions for the writ of habeas corpus to act as a super-appellate reviewer of the decisions of the courts of the state of Kansas. It should be alert to recognize facts which "constitute a denial of fundamental fairness, shocking to the universal sense of justice." Betts v. Brady, 1942, 316 U.S. 455, 462, 62 S.Ct. 1252, 1256, 86 L.Ed. 1595. The uncorroborated allegations in this petitioner's petition fall short of convincing this court that he was denied a full hearing or that he was inadequately represented.

The court finds:

1. The allegations of the return are true; and

2. The petitioner was not denied the right to counsel.

The court concludes that:

1. The petitioner has not been deprived of his constitutional rights, and is not illegally restrained of his liberty; and

2. The petitioner is not entitled to his release.

It is therefore ordered that the writ be discharged and the petitioner remanded

to the custody of the respondent; and that a copy of this order be delivered to the petitioner and a copy to the respondent.