Gordon W. TIBBETT, Appellant,

v.

Tracy A. HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 6661.

United States Court of Appeals Tenth Circuit.

July 5, 1961.

---

Thomas M. McComb, Jr., Denver, Colo., for appellant.

Charles N. Henson, Asst. Atty. Gen. of Kan. (William M. Ferguson, Atty. Gen. of Kan. and J. Richard Foth, Asst. Atty. Gen. of Kan., were with him on the brief), for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order discharging a writ of habeas corpus and remanding Tibbett, the petitioner, to the custody of the Warden.

Tibbett is confined in the Kansas State Penitentiary under a judgment of a Kansas state court, entered on December 20, 1957, sentencing him to imprisonment for a term of ten years on each of two counts of an information, each charging the offense of forgery, the sentences to run consecutively.

G.S.Kansas, 1957 Supp., 62–1304, insofar as here pertinent, reads:

" * * * (a) If any person about to be arraigned upon an indictment or information for any offense against the laws of this state be without counsel to conduct his defense, it shall be the duty of the court to inform him that he is entitled to counsel, and to give him an opportunity to employ counsel of his own choosing, if he states that he is able and willing to do so. If he does ask to consult counsel of his own choosing, the court shall permit him to do so, if such counsel is within the territorial jurisdiction of the court. If he is not able and willing to employ counsel, and does not ask to consult counsel of his own choosing, the court shall appoint counsel to represent him, * * *. A record of such proceeding shall be made by the court reporter, which shall be transcribed and reduced to writing by the reporter, who shall certify to the correctness of such transcript, and such transcript shall be filed and made a part of the files in the cause. The substance of the proceedings provided for herein shall be entered of record in the journal and shall be incorporated in the journal entry of trial and judgment. * * * It is the duty of an attorney appointed by the court to represent a defendant, without charge to defendant, to inform him fully of the offense charged against him and of the penalty therefor confer with available witnesses, cause subpoenas to be issued for witnesses necessary or proper for defendant, and in all respects to fully and fairly represent him in the action. * * *."

The part, here pertinent, of the journal entry filed in the state court, which preceded the formal sentence, reads as follows:

"Now on the 17th day of December, 1957, * * * this cause comes on for hearing, the plaintiff appearing by Duane E. West, County Attorney, and the defendant appearing in person in the custody of the Sheriff with no attorney.

"The court is informed that the defendant does not have an attorney and the court interrogates the defendant as to whether or not he has funds with which to employ counsel and the defendant informs the court that he does not have funds with which to employ an attorney but that if counsel were appointed for him he would consult with such counsel and heed his advice. The court thereupon inquires of the defendant if he has any preference as to counsel if one were appointed for him and the defendant advises the court that he has no preference.

"Thereupon the court appoints Harrison Smith, a regular, competent, qualified and practicing attorney of the Finney County Bar to represent the defendant in this action.

"Thereafter, and on the 20th day of December, 1957, * * * this cause again comes on for hearing, the plaintiff appearing by Duane E. West, County Attorney, and the defendant appearing in person and by his attorney, Harrison Smith.

"Thereupon, the defendant informs the court, by his attorney, that he waives formal arraignment of the charges and desires to enter pleas of guilty to each count of the crimes as charged in the Information, * * * said crimes being that of forging and uttering a check.

"Counsel for the defendant informs the court that he has furnished the defendant with a copy of the Information filed in this cause and has explained the charges to defendant and discussed it with him; that he has fully advised the defendant as to the nature of the crimes with which he is charged, the penalties prescribed therefor and the possible sentence if, in fact, the defendant were upon jury trial found guilty of said offenses.

"Thereupon, the court interrogates the defendant as to his knowledge of the offenses charged, the penalties prescribed therefor, and as to defendant's desire to enter a plea of guilty to both counts as charged. Defendant informs the court that he is well aware of the offenses, the penalties prescribed therefor, and his right to trial by jury on said charges and that it is still his desire that his pleas of guilty to the counts be accepted by the court. Thereupon the court announces that the pleas offered by the defendant are accepted and the court then inquires of defendant and of his attorney if they or either of them, have any reason to give why sentence should not now be passed upon the defendant and no reason is given."

In his application for the writ Tibbett alleged that "the Court Reporter was not present and did not take her official notes in shorthand of all the proceedings of the Arraignment and appointment of Counsel which was had on the 17th day of December, 1957";

That "The trial Court accepted a plea of guilty by the Court appointed Counsel for Petitioner, * * * who was appointed over * * * the objections of the Petitioner and did not have the consent of the Petitioner to enter * * * such plea";

And that "The Court Reporter was not present and did not take her official shorthand notes of all" the sentencing proceedings "had on the 20th day of December, 1957."

The Warden attached to his return to the writ as Exhibit A duly certified

copies of the journal entry of judgment and other records in the state court and incorporated them into the return by reference.

At the hearing below in the instant case Tibbett testified that when he appeared in court on December 17, 1957, the court asked him if he "had any counsel" and that he told the court he wanted a Mr. Fleming. During the hearing in the instant case Tibbett was asked by the court, "Did you desire to employ Mr. Fleming as your counsel, * * * or did you want the court to appoint Mr. Fleming as your counsel," to which Tibbett replied, "The court asked me if I had a preference to a counsel and I said 'yes, sir,' that I would like to have Mr. Fleming." Tibbett further testified that the court then stated Mr. Fleming had more matters than he could handle and that he would appoint Harrison Smith as counsel for Tibbett. Tibbett further testified that he then stated: "Would it be asking too much of the court to call Mr. Fleming and ask him if he will accept my case," and that the court replied that would not be necessary because he knew Fleming already had more than he could handle.

Tibbett further testified that Smith did not have Tibbett's consent to enter pleas of guilty for him.

On cross-examination Tibbett testified that when he appeared in the state court on December 17, 1957, the judge advised him of his right to counsel. Further, on cross-examination, in response to the question of whether he asked the court to appoint Fleming or whether he wanted to employ Fleming, Tibbett testified that the state judge asked him if he "had a preference for a counsel and I said, 'yes, sir, I would like to have Mr. Fleming.'"

Following his conviction and confinement under the state court sentence, Tibbett filed a petition for a writ of habeas corpus in the District Court of Leavenworth County, Kansas. His petition was denied. On appeal the order denying the writ was affirmed. Tibbett v. Hand, 185 Kan. 770, 347 P.2d 353, 355, certiorari denied 363 U.S. 854, 80 S.Ct. 1634, 4 L.Ed.2d 1736. The alleged grounds for the writ in the state court were that the official court reporter did not make and transcribe the notes of the proceedings on December 17, 1957, at which Smith was appointed counsel for Tibbett, and did not make and transcribe the notes of the arraignment, plea and sentencing proceedings of December 20, 1957.

In the opinion in Tibbett v. Hand, supra, the court said that Tibbett attached to his petition for the state court writ "A transcript prepared by the official court reporter showing the appointment of counsel for appellant in the district court of Finney County, [Kansas, which,] omitting the caption, read:

" 'Appearances: For the State— Duane E. West, County Attorney. For the Defendant—In Person.

" 'The Court: Let the record show that the defendant is without counsel; that the defendant is without funds with which to employ counsel; that the defendant desires that the Court appoint counsel to represent him in this action; that the defendant has been informed by the Court of his right to trial by a jury, and that the Court appoints Harrison Smith, a duly licensed and practicing attorney within the Thirty-Second Judicial District, as counsel for the defendant in this action.

" 'Date: December 17, 1957.' "
In its opinion the court further said:

"In his brief, among other things, the appellant charges that he did tell the court he had preference to an attorney but was denied that preference, and that he 'never did plead guilty but was plead guilty by one Harrison Smith, Court appointed attorney who was appointed by the Court over the protests of defendant.'

"Assuming the charges set forth in the appellant's brief are properly before the court, they are the uncorroborated statements of the appellant. This court is committed to the rule that the unsupported and uncor-

roborated statements of a petitioner in a habeas corpus proceeding do not sustain the burden of proof or justify the granting of his writ where the judgment rendered is regular on its face and entitled to a presumption of regularity and validity. Cunningham v. Hoffman, 179 Kan. 609, 611, 296 P.2d 1081; and cases cited therein."

The court further set forth the journal entry of the sentencing court referred to above and stated that it fully disclosed the proceedings in the sentencing court on December 17 and December 20, 1957. The court held that even though the record made by the court reporter of the December 17, 1957, proceedings was insufficient and that the court reporter made no record of the December 20, 1957, proceedings, that in view of the record of the proceedings set forth in the journal entry, the failure of the court reporter was a mere irregularity which was not sufficient to vitiate the proceedings, and quoted with approval from the opinion in Goetz v. Hand, 185 Kan. 788, 347 P.2d 349, certiorari denied 362 U.S. 981, 80 S.Ct. 1068; 4 L.Ed.2d 1016, decided the same day as the Tibbett case, the following:

" 'In a criminal action where counsel is appointed to represent an accused who is sentenced to imprisonment upon his plea of guilty, a judgment record showing full compliance with the jurisdictional requirements of G.S.1957 Supp., 62–1304, (specified in Ramsey v. Hand, 185 Kan. 350, 343 P.2d 225), insofar as applicable, is *prima facie* evidence to prove that the primary rights of the accused to a trial have been safeguarded as provided in the statute, and the uncorroborated statements of the accused in a subsequent habeas corpus action are insufficient to overcome this evidence. The failure

of the court reporter to be present and make a record of the proceedings under such circumstances is merely an irregularity which is not sufficient to vitiate the proceedings.' "

We conclude, therefore, that the failure of the court reporter to comply fully with the provisions of § 62–1304, supra, did not, under the law of Kansas, deprive the state court of jurisdiction.

The question remains whether the failure of the court reporter to take verbatim notes and make a complete transcript of the proceedings of December 17, 1957, and the failure of the court reporter to take notes or make a transcript of the proceedings of December 20, 1957, when in some criminal cases in the State of Kansas notes of the proceedings and transcripts thereof are made and provided in strict accordance with the requirements of § 62–1304, supra, deprived Tibbett of the equal protection of the laws under the Fourteenth Amendment.

We are of the opinion the question must be answered in the negative for four reasons: First, because there was available to Tibbett the journal entry of trial and judgment containing the substance of the proceedings provided for in § 62–1304, supra, which was duly entered of record;[1] Second, because, there being absent any charge of fraud, such journal entry record of the proceedings imported verity and was not open to challenge in a collateral proceeding by parol testimony;[2] Third, because Tibbett's own testimony shows that he was not denied counsel of his own choosing, but was merely denied appointment by the court of counsel which he preferred, for adequate reasons given by the trial court; and Fourth, because Tibbett, when the court-appointed counsel entered pleas of guilty for him, stood by and raised no objections,[3] and, immedi-

---

1. The journal entry was approved by Smith, as counsel for Tibbett, and by the County Attorney.

2. See Thomas v. Hunter, 10 Cir., 153 F.2d 834.

3. Tibbett further testified that when the pleas of guilty were entered he did not say anything.

ately prior to the imposition of sentence, the state court, among other things, interrogated Tibbett with respect to his knowledge of the offenses charged, the penalties prescribed therefor, his right to trial by jury, and his desire to enter a plea of guilty to each count, and Tibbett informed the court that he was well aware of the offenses, the penalties prescribed, and his right to trial by jury and that it was still his desire that his plea of guilty to each count "be accepted by the court."

At the hearing below Tibbett admitted that at the proceedings on December 17, 1957, the state court advised him of his right to counsel for his defense and his testimony in the instant case did not refute the recital in the transcript of the proceedings filed by the court reporter and the import of the recitals in the journal entry that Tibbett requested the court to appoint counsel for him and that it was in the course of the appointment of counsel for Tibbett by the court that the court asked him if he had any preference as to counsel. On the contrary, his testimony tended to corroborate the recitals in the court reporter's transcript and the journal entry. There could have been no reason for the inquiry as to Tibbett's preference if the state court was not about to appoint counsel for Tibbett. Two times in his testimony below, Tibbett was asked whether he desired to employ Fleming as counsel or whether he desired the court to appoint Fleming as his counsel, and both times he evaded a direct answer and said that the court asked him if he had a preference as to counsel and he replied he would like to have Mr. Fleming. The constitutional guaranty to be represented by counsel does not confer upon the accused the right to compel the court to appoint such counsel as the accused may choose. On the contrary, the selection of counsel to be appointed for an accused rests in the sound discretion of the court.[4]

The fact that Tibbett stood mute when his court-appointed counsel entered pleas of guilty for him in the state court and the fact that he failed to deny at the hearing in the instant case that in response to the inquiries of the state court immediately prior to imposition of sentence he has stated he was "well aware of the offenses, the penalties prescribed therefor and his right to trial by jury" and that it was "still his desire that his pleas of guilty to the counts be accepted by the court," as recited in the journal entry of judgment, preclude a contention by Tibbett that the pleas of guilty entered for him by his counsel were without his consent. Moreover, there was a presumption that in entering pleas of guilty, Tibbett's court-appointed counsel acted properly and with Tibbett's consent.[5]

Accordingly, we conclude that if the court reporter had made a complete record of the proceedings of December 17 and December 20, 1957, and had transcribed the same, on this record there is no basis for a contention that such transcript would have contradicted the facts recited in the transcript which the court reporter did make, or the recitals of fact set forth in the journal entry judgment filed in the state court.

We conclude that the record of the proceedings of December 17 and December 20, 1957, set forth in the state court journal entry, which was available to Tibbett, fully met the requirements of the Fourteenth Amendment that he be accorded the equal protection of the laws.

Affirmed.

4. Griffiths v. United States, Ct.Cl., 172 F. Supp. 691, certiorari denied 361 U.S. 865, 80 S.Ct. 128, 4 L.Ed.2d 107; Schuble v. Youngblood, 225 Ind. 169, 73 N.E.2d 478; People v. Fanning, Co.Ct., 73 N.Y.S.2d 68; State v. Rinaldi, 58 N.J.Super. 209, 156 A.2d 28; State v. Whitaker, Mo., 312 S.W.2d 34.

5. Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, 876, certiorari denied 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003.