No. 42,778

John Hardman, *Appellant,* v. Tracy A. Hand, Warden, Kansas State
Penitentiary, *Appellee.*

(373 P. 2d 178)

Opinion
filed July 7, 1962.

*John Hardman, pro se.*

*Park McGee,* Assistant Attorney General, of Topeka, argued the cause, and
*William M. Ferguson,* Attorney General, of Topeka, was with him on the briefs
for appellee.

The opinion of the court was delivered by

Fatzer, J.: The appellant is presently confined in the Kansas
State Penitentiary, and appeals from an order of the district court
of Leavenworth County, entered August 17, 1961, denying his
petition for a writ of habeas corpus and remanding him to the
custody of the warden of the penitentiary.

On July 26, 1960, in response to the charge of statutory rape then
pending against him in the district court of Crawford County, the
appellant appeared in person, executed a written waiver of counsel,
and entered a plea of guilty to the offense charged. On July 29,
1960, he was sentenced to a term of one to twenty-one years in the
Kansas State Penitentiary (G. S. 1949, 21-424). The journal entry
of conviction was filed in the district court on August 2, 1960.

The appellant contends that because the transcript of the pro-
ceedings had in that case was not filed until January 21, 1961, G. S.
1959 Supp., 62-1304, and G. S. 1949, 20-903, were violated, which
constituted a denial of the due process and equal protection clauses
of the Fourteenth Amendment to the Constitution of the United
States.

The jurisdictional aspects of G. S. 1959 Supp., 62-1304, have been
before this court and as a result the question presented has been
decided. They do not include the filing of the transcript, but only
relate to opportunity to employ counsel of petitioner's own choosing,

information regarding his right to counsel, offer to appoint counsel, and a finding, which should be, but need not be, expressed, that the appointment of counsel over the objection· of the defendant would not be to the defendant's advantage. (*Ramsey v. Hand,* 185 Kan. 350, 343 P. 2d 225; *Tafarella v. Hand,* 185 Kan. 613, 347 P. 2d 356; *Goetz v. Hand,* 185 Kan. 788, 347 P. 2d 349, *certiorari* denied 362 U. S. 981, 4 L. Ed. 2d 1016, 80 S. Ct. 1068; *Tibbett v. Hand,* 185 Kan. 770, 347 P. 2d 353.)

The county attorney and the district court should adhere in all respects to the provisions of the statute, but due to oversight or clerical error, discrepancies in fulfilling the letter of the section may occur. Those discrepancies have been attacked in the federal courts where it has been decided that the requirements of the statute (G. S. 1959 Supp., 62-1304) are in fact broader than those required by the federal constitution, and as to this broader aspect, this court is the final arbiter of what constitutes compliance and what are the jurisdictional requirements of the statute. (*Devine v. Hand,* 287 F. 2d 687; *Tafarella v. Hand,* 294 F. 2d 67; *Tibbett v. Hand,* 294 F. 2d 68; *Goetz v. Hand,* 195 F. Supp. 194, affirmed 291 F. 2d 930.)

The judgment of conviction and sentence of the district court of Crawford County is regular on its face and entitled to a presumption of regularity and validity (*Cunningham v. Hoffman,* 179 Kan. 609, 611, 296 P. 2d 1081), and the journal entry expressly recited "the Court finds that appointment of counsel over defendant's written Waiver and objection would not be to his, the said defendant's, advantage."

In placing the burden of proof upon· the petitioner and in finding that his uncorroborated statements did not sustain and fulfill that burden was in accord with *Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147, *Wilson v. Hand,* 181 Kan. 483, 311 P. 2d 1009, and *Johnson v. State of Kansas,* 284 F. 2d 344 (10th Cir. 1960). No substantial fundamental rights of the appellant were violated by the failure to file the transcript of the proceedings until January 21, 1961, and his claim that such failure violated due process and equal protection of the law is wholly untenable.

There is nothing in the record which would justify a reversal of the judgment of the district court discharging the writ of habeas corpus and remanding the appellant to the custody of the warden.

The judgment is affirmed.