No: 38,778

THE STATE OF KANSAS, *Appellee*, v. ROBERT CLYDE MESSMORE, *Appellant*.

(264 P. 2d 911)

Opinion filed December 12, 1953.

The appellant was on the briefs *pro se.*

*Tom Crossan,* deputy county attorney, argued the cause, and *Harold R. Fatzer,* attorney general, and *Roy Kirby,* county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: The defendant was charged and convicted of violat-

ing the provisions of G. S. 1949, 21-533 pertaining to the larceny of an automobile. He appeals.

The only complaint is that sentence was improperly imposed under our habitual criminal statute, G. S. 1949, 21-107a.

The penalty for larceny of an automobile is confinement at hard labor for not less than five years and not more than fifteen years. (G. S. 1949, 21-534.) After conviction on October 1, 1951, and before appellant was sentenced on October 6, 1951, the state, on the latter day, introduced evidence disclosing appellant's prior conviction of a felony in Nevada and of another felony conviction in Oklahoma.

G. S. 1949, 21-107a provides that where a person is convicted of a felony a third time in or out of this state he shall be confined in the penitentiary for a period of not less than fifteen years. Appellant was so sentenced.

The complaint is he had no notice previous convictions would be considered in determining the penalty to be imposed. On this point he makes two contentions. The first is the information contained no reference to his previous convictions and that if they were to be considered in determining his penalty for the instant offense they should have been pleaded in the information. The contention is untenable.

G. S. 1949, 21-107a pertains solely to the subject of increased sentences for habitual criminals. It does not create a new offense based on the commission of the offense on trial and the commission of a former felony or felonies. In a case such as the one before us the jury is in nowise concerned with the penalty to be imposed. That matter rests solely in the province of the court as it involves purely a question of law. (*State v. Woodman,* 127 Kan. 166, 172, 272 Pac. 132; *Scott v. Hudspeth,* 171 Kan. 320, 232 P. 2d 464.) In the Scott case, following numerous earlier decisions, we held:

"A determination of the length of sentence to be pronounced pursuant to G. S. 1949, 21-107a, our habitual criminal statute, is no concern of the jury but rests solely in the province of the trial court. The statute is not unconstitutional by reason of the fact no issue was joined in the trial of the action relative to the commission of a previous offense, or offenses." (Syl. ¶ 5.)

Moreover, the absence of charges in the information concerning the commission of prior felonies was to his advantage and for his benefit. (*State v. Woodman,* supra, and *Scott v. Hudspeth,* supra.)

Appellant next argues he had no notice after conviction and before sentence that he was to be confronted at the time of sentencing

with evidence of former convictions which would increase the length of his sentence. G. S. 1949, 21-107a does not expressly require such notice. It is true that in *State v. Woodman,* supra, we said:

"After conviction, however, and before the allocution the defendant should be timely apprised that a sentence under the act of 1927 will be demanded against him, so that he may show cause, if he can, why such higher penalty should not be imposed." (p. 172.)

The reason for such notice is obvious. The convicted person might be able to successfully refute the evidence of former convictions or the evidence adduced might be in a form inadmissible if challenged by proper objection.

In the instant case the evidence adduced at the time of sentencing consisted of authenticated copies of journal entries of judgment disclosing two former felony convictions. They had been exhibited to the appellant in the county jail by two witnesses, the county jailer and a deputy sheriff, on October 4, 1951, two days before the day he was sentenced. Their evidence was appellant admitted he was the person named in the journal entries, he had been convicted of the felonies therein described and that he was committed to the penitentiaries of the respective states. The district court expressly so found on the evidence adduced. On the hearing for sentence appellant did not deny the testimony of any of the state witnesses.

Appellant argues these facts do not prove he was notified the state would ask the court to impose an increased sentence in harmony with the habitual criminal law. It is true the evidence does not disclose he was expressly so notified. But before the sentence is set aside we think other facts must be considered.

Appellant was represented by experienced counsel. The journal entries of former convictions were handed to appellant and his counsel for inspection before they were offered in evidence. No doubt his counsel fully understood the purpose of the evidence adduced. No objection was made to any of the state's evidence on the ground appellant had not been notified before sentence was pronounced that an increased sentence would be sought by reason of former felony convictions. Assuming there was merit to any objection made to the court records of former convictions such objections became quite immaterial in the light of the uncontradicted testimony that appellant admitted both prior felony convictions.

No continuance was requested by appellant on the ground he was taken by surprise by the introduction of any of the state's evi-

dence or that he was unprepared to make a defense to, any of the testimony adduced. The journal entry of judgment on sentencing discloses he gave no reason why an increased sentence should not be imposed. The record indicates his counsel merely said, "We are never ready to be sentenced." Moreover, in his motion for a new trial appellant made no complaint of failure of notice that an increased penalty would be sought. In other words, this second complaint is presented for the first time in this court. Alleged errors not fairly presented to a trial court for ruling form no basis for reversible error on appellate review. (*State v. Morris,* 124 Kan. 505, 260 Pac. 629; *State v. Mosley,* 163 Kan. 530, 532, 183 P. 2d 877.)

We also observe appellant does not even now intimate that, if afforded additional opportunity, he could successfully refute the evidence of former convictions, including his own admissions, or that he would endeavor to do so.

We have examined all statutes and decisions cited by appellant. They do not support his contention that the sentence imposed, under the circumstances herein related, is invalid.

The judgment is affirmed.