No. 44,317

Langdon Woods Chance, *Appellant,* v. State of Kansas, *Appellee.*

(408 P. 2d 677)

Opinion filed December 11, 1965.

*Harry C. Blaker,* of Pleasanton, argued the cause and was on the briefs for the appellant.

*Leighton A. Fossey,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Richard H. Seaton,* Assistant Attorney General, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: This is an appeal from an order and judgment of the district court of Linn County which, after a full and complete evidentiary hearing in precise accord with the requirements of K. S. A. 60-1507 at which petitioner was produced and present in person, denied petitioner's motion to vacate and set aside a prior judgment and sentence imposed by that court in a criminal action. The record discloses petitioner was represented by competent court-appointed counsel throughout all vital stages of the proceedings herein involved.

The trial court's decision with respect to the questions presented by the appeal is reflected in a well-written memorandum decision which sets forth the decisive and controlling facts at length, outlines the issues involved, and states the reasons for its decision and the judgment rendered in such manner and form it can well be incorporated in and made a part of the opinion of an appellate court.

For these reasons, and others to be presently disclosed, we are disposed to quote such memorandum decision in toto. It reads:

"THE MEMORANDUM, OF THE TRIAL COURT.

"1. This matter came on before the court for hearing on November 17, 1964. Under a prior order of the court, petitioner was produced and appeared in person; he also appeared by Harry C. Blaker, a regular practicing attorney of Pleasanton, Kansas, who was appointed to represent him. Respondent appeared by Leighton A. Fossey, County Attorney of Linn County, Kansas.

"2. Petitioner initially filed in this action a 'Petition for a Writ of Habeas Corpus Ad Subjiciendum, under the authority and the provisions of 1963 G. S. 60-1506.' At the hearing, petitioner's counsel moved that this document be treated and considered by the court as a motion to vacate under Section 60-1507 of the Kansas Code of Civil Procedure. This motion was allowed, and the 'Petition' is so considered.

"3. Petitioner raises the following points:

"a. That he was not timely advised that the habitual criminal action would be invoked.

"b. That the trial court, in determining that the habitual criminal action should be applied, relied upon a prior conviction of petitioner in Labette County; and that the certified copy of the order of the Labette County District Court shows on its face that the Labette County proceedings were invalid, the defendant having waived an attorney in writing in Labette County and the court having failed to make findings as required by the statute then in force (G. S. 1949, 62-1304.)

"c. That the clerk of this court returned his notice of appeal in the original conviction, and thus thwarted his efforts to appeal that conviction to the Kansas Supreme Court.

"d. That the District Court of Linn County, Kansas, was in error in denying petitioner's motion for complete trial records.

"e. He had no legal counsel when he appeared before the justice of the peace for his preliminary examination.

"4. Petitioner's testimony may be summarized as follows:

"a. Petitioner was arrested in Linn County, Kansas, on a charge of burglary in the second degree and attempted grand larceny early in July, 1958. He waived his preliminary hearing and did not have the advice of counsel prior to the time he was brought before the district court on July 14, 1958. On that date the district court appointed Marshall Hoag, an attorney of Pleasanton, Kansas, to represent him. Petitioner talked with Mr. Hoag in the courtroom; they sat over at one of the counsel tables and conferred. He again talked with Mr. Hoag when he was returned to court on July 23rd, 1958. On one of the dates—it is not clear which—he talked with his attorney privately in the small office which adjoins the courtroom. Petitioner does not contend that he was prevented from advising privately with his attorney. Mr. Hoag advised him that if he pled guilty, his sentence for burglary in the second degree would be five to ten years. He entered a plea of guilty on July 15, 1958, and sentencing was deferred.

"b. Shortly before he came into the courtroom for sentencing on July 23rd, 1958, petitioner was first advised that the county attorney intended to

invoke the habitual criminal act and had certified copies of two prior convictions. When the court proceedings commenced, the county attorney handed Mr. Hoag the certified copies of two prior felony convictions, one in the District Court of Labette County, Kansas, and the other in the United States District Court for the Western District of Oklahoma. Mr. Hoag examined them and returned them to the county attorney. Petitioner did not have an opportunity to read them, but did not ask to see them. Immediately prior to sentencing, he moved the court for leave to withdraw his plea of guilty and this motion was overruled. The county attorney introduced certified copies of the prior felony convictions and the court proceeded to sentence the defendant to a term of fifteen years under the provisions of G. S. 1959, 21-107a.

"c. On December 19, 1958, petitioner mailed a notice of appeal to the clerk of this court and a copy thereof to Leighton A. Fossey, County Attorney. He filed a motion for a transcript at the same time, which was overruled by the Hon. Harry W. Fisher, District Judge, by order entered January 8, 1959. Petitioner testified that the notice of appeal mailed to the clerk was returned to him by the clerk, and he introduced into evidence upon this hearing a copy of the notice of appeal which bore the signature of the clerk of this court in the lower left hand corner. He stated that his principal complaint is the application of the habitual criminal act.

"FINDINGS OF FACT

"5. The court finds the facts to be as follows:

"a. Petitioner together with William C. Ashlock and Bonita G. Lyons were arrested on or about July 6, 1958, and charged with second degree burglary and attempted grand larceny on that date. All three were taken before O. G. Dennis, Justice of the Peace, Mound City Township, Linn County, Kansas, on July 7, 1958; all three defendants waived preliminary examination in writing and were bound over to the District Court of Linn County, Kansas, for trial.

"b. On the morning of July 14, 1958, Langdon W. Chance was first brought before the District Court. He stated that he was without funds to employ an attorney of his own choosing, and requested the court to appoint an attorney for him; the court appointed M. K. Hoag, a regular practicing attorney of Linn County, Kansas, to represent him. Petitioner was given an opportunity to confer with counsel, and did so. On the afternoon of July 14, 1958, petitioner was again brought before the court. He stated that he had discussed the matter with Mr. Hoag, who had advised him of the nature of the offense charged and the penalty; and the petitioner standing mute, the court entered a plea of not guilty for him. Later the same day, petitioner changed his plea to that of guilty, and the court accepted that plea, found him guilty of the offenses of burglary in the second degree and attempted larceny, and deferred sentencing until July 23, 1958. There was no mention in the proceedings of July 14, 1958, with reference to the habitual criminal act. The court finds that petitioner was not notified that the habitual criminal act would be invoked until July 23, 1958.

"c. On July 23, 1958, at 4:10 o'clock P. M. (and following the jury trial of Bonita G. Lyons, a co-defendant) petitioner Langdon W. Chance was brought before the court for sentencing. He requested leave to withdraw his

plea of guilty for the express reason that at the time he entered his plea, he did not know that the habitual criminal act would be invoked, and thought that his sentence on the burglary charge would be not less than five nor more than ten years. The court refused to grant him leave to withdraw his plea of guilty. The county attorney then introduced certified copies of journal entries of two prior convictions of Langdon W. Chance. These were shown to petitioner's counsel and received without objection. Mr. Chance, in answer to questions by the court, stated that he had served three years on the sentence from Federal Court, and eighteen months on the conviction from Labette County. The court found that he had been convicted of the two prior felony offenses, and sentenced him to be confined in the State Penitentiary for a period of fifteen years, under G. S. 1957 Supp., 21-520 and 21-533, and G. S. 1949, 21-101 and 21-107a.

"d. The prior conviction of Langdon W. Chance in Federal Court, and the certified copy of the record thereof, are regular and no question in that regard is raised herein.

"e. The journal entry of judgment, entered in the District Court of Labette County, Kansas, on April 9, 1963, recites:

" 'Thereupon, the Court inquired of the Defendant if he had counsel to represent him. The Defendant stated he did not have counsel and did not desire to have the court appoint counsel to represent him, and voluntarily signed his written waiver of appointment of counsel.' The journal entry does not contain a finding by the court 'that the appointment of counsel over his objection will not be to his advantage' as then required by G. S. 1949, 62-1304.

"f. Sometime prior to January 8, 1959, and within six months from the date of sentence, Langdon W. Chance filed in the office of the Clerk of the District Court of Linn County a Notice of Appeal and a Motion for Transcript. The Notice of Appeal contained no proof of service, and was returned to petitioner. The Motion for Transcript was denied by the District Judge on January 8, 1959; the Order of the Court, filed January 16, 1959, contains a finding that it appears to the court 'that there is no merit to this attempted appeal and that the same is purely vexatious.'

"g. No Notice of Appeal was served upon the County Attorney; no proof of service was filed, nothing further was filed by petitioner in this court until June 26, 1961, when petitioner filed his Motion for Complete Trial Records (for use in a habeas corpua proceeding,) which motion this court denied.

"Conclusions of Law

"6. This is a civil action and the burden of proof is upon the petitioner to make out his case by a preponderance of the evidence, and his unsupported assertions, denied by the respondent, are not sufficient to satisfy this burden. This has long been the rule in Kansas in habeas corpus cases (*Uhock v. Hand,* 182 Kan. 419 [320 P. 2d 794] at 426), and is equally applicable to hearings under Section 60-1507 of the Kansas Code of Civil Procedure. Furthermore, it is made expressly applicable by Supreme Court Rule No. 121 (g), wherein it is said:

" 'The movant has the burden of establishing his grounds for relief by a preponderance of the evidence. The uncorroborated statements of the movant shall be insufficient to sustain the burden of proof.'

"7. It has never been the rule in Kansas that a defendant in a criminal action must be apprised by the State prior to conviction that the State intends to invoke the habitual criminal act. The rule followed in (sic) that a person convicted of a felony should ordinarily be timely apprised that an increased sentence will be demanded under the habitual criminal act between the time of the conviction and sentencing, in order that he may show cause, if any he can, why the act should not be invoked and a higher penalty imposed. The evidence in this case does not disclose that petitioner was advised of the State's determination to invoke the act until shortly prior to sentencing nor that he was given an opportunity to examine the certified copies of the journal entries before they were received in evidence; however, petitioner was represented at the hearing by experienced trial counsel. The certified copies of journal entries of former convictions were handed to his counsel for inspection before they were offered in evidence to the court. No doubt his counsel fully understood the purpose of the evidence. No objection was made when this evidence was introduced on the ground that petitioner had not been notified a reasonable time prior thereto that the habitual criminal act was to be invoked, or for any other reason. The petitioner freely admitted his prior convictions, acknowledged that he had served some four and one-half years in penal institutions under those earlier sentences, and he has made no objection to the certified copies introduced with the exception of his objection to the order of the Labette County District Court, which will be considered in the ensuing paragraph. Petitioner had able counsel appointed to appear for him at this hearing, who had adequate opportunity to examine the entire records. It would appear that it would not have served any useful purpose had the court deferred sentencing for a period of ten days after petitioner was first notified that the habitual criminal act was about to be invoked. Petitioner has given this court no indication that even if afforded an opportunity at this time, he could successfully refute the evidence of his former felony convictions (see *State v. Messmore,* 175 Kan. 354 [264 P. 2d 911]; and *Johnson v. Crouse,* 191 Kan. 694 [383 P. 2d 978]). The court concludes that petitioner was not prejudiced due to the failure of the State to advise him that the habitual criminal act would be invoked prior to the entry of his plea of guilty, or prior to the day of sentencing.

"8. The journal entry of conviction entered by the District Court of Labette County contains no recital of a finding by the court that the appointment of counsel over petitioner's objection would not be to his advantage; but the order also contains no finding which would indicate that such finding was not made. The statute, G. S. 1949, 62-1304, also contains a provision requiring a record of such proceedings to be made by the court reporter, which shall be transcribed, filed and made a part of the files and records in the cause. Since district judges, like other citizens, are presumed to know the law, it is presumed that such a jurisdictional finding was in fact made by the District Court of Labette County. If made, the same may be shown by the stenographic transcript or may be corrected by a nunc pro tunc order of that court if no express finding was made in the record (see *Ramsey v. Hand,* 185 Kan. 350 [343 P. 2d 225; certiorari denied, 362 U. S. 970, 4 L. Ed. 2d 901, 80 S. Ct. 956]). A direct attack upon the judgment of the District

Court of Labette County is presently pending in that court, according to the testimony of the petitioner, and remains undetermined. While the matter is pending undetermined in the Labette County District Court, this court should not in a collateral proceeding attempt to determine the validity of the action taken by the Labette County District Court. If petitioner is successful in his direct attack upon the judgment in Labette County District Court, the matter can again be raised in this court by a subsequent motion, and leave is granted to file such successive motion in the event of such determination.

"9. Petitioner's complaint with reference to the trial court's denial of his motion for a transcript and complete trial records, and his complaint in regard to the action of the clerk in returning to him his notice of appeal, have already been determined by the Supreme Court of the State of Kansas in *State v. Chance,* 190 Kan. 661 [378 P. 2d 11] at page 663, where it is said:

" 'The defendant has injected into this appeal his complaint of the district court's denial on January 8, 1959, of his motion for a transcript and complete trial records, and contends he was denied the right to an appeal from his conviction and sentence. The record does not support the contention. As we have seen, the defendant's notice of appeal of December 19, 1958, was timely filed, but there was no service upon the county attorney nor proof of service filed with the clerk of the district court, hence the notice was insufficient to perfect his appeal to this court. . . . That being the case, the district court was not required to order the county to furnish the defendant a transcript of the proceedings of the trial. . . .'

"10. Defendant was not represented by counsel when he appeared before the justice of the peace for his preliminary examination. His complaint in this regard is without merit. He lost none of his rights by waiving his preliminary examination; he entered no plea before the justice of the peace; and nothing said or done in justice court was used against him upon his trial in the district court. As is pointed out in *State v. Daegele,* 193 Kan. 314 [393 P. 2d 978, certiorari denied, 379 U. S. 981, 13 L. Ed 2d 571, 85 S. Ct. 686] at page 316, a preliminary examination is not a trial and while a defendant has the right to be asissted .by counsel at the preliminary examination, there is no statute requiring the appointment of counsel in such a proceeding and failure to appoint counsel at a preliminary examination is not error.

"11. The court concluded that the motion is without merit, and relief is denied. The clerk will mail certified copies of this memorandum to the petitioner; his attorney; and the county attorney.

"Dated at Mound City, Kansas, this 25th day of November, 1964."

After a careful and extended analysis of the foregoing memorandum decision we are convinced it (1) contains accurate factual conclusions supported by the record; (2) cites the law when viewed in the light of the existing facts; (3) assigns sound and controlling reasons for denying petitioner's motion to vacate and set aside the prior judgment and sentence imposed against him in the Linn County criminal action; and (4) fully and completely answers all

questions raised, and arguments advanced with respect thereto, by the parties on appellate review regarding the propriety of the ruling on such motion.

In view of the foregoing conclusions we know of no sound reason why our reports should be burdened with extended discussion and consideration of contentions which have already been correctly disposed of by the trial court through the medium of a comprehensive decision such as has been heretofore fully quoted. Therefore we adopt such decision and, based on what is stated and held therein, hold that under the confronting facts and circumstances the district court's action in denying petitioner's motion to vacate and set aside his criminal judgment and sentence must be upheld.

The judgment is affirmed.