No. 44,310

STATE OF KANSAS, *Appellee*, v. OSCAR BETHEA, *Appellant*.

(410 P. 2d 272)

Opinion filed January 22, 1966.

*James D. Howell, Jr.,* of Kansas City, argued the cause, and was on the brief for the appellant.

*James C. Thompson,* assistant county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, *Leo J. Moroney,* county attorney, *Frank Menghini* and *Robert Loughbom,* assistant county attorneys, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This appeal is from a judgment of conviction of the defendant, Oscar Bethea, in the district court of Wyandotte county on a plea of guilty to kidnaping in the first degree (K. S. A. 21-449) and the sentence of thirty years at hard labor in the state penitentiary.

The state's evidence introduced at the preliminary hearing revealed the following facts: On December 20, 1964, about 6:05 p. m., a seventeen-year-old white girl left her place of employment in Kansas City, Kansas, and walked toward her car. As she reached the car she was forced at knifepoint into the automobile by two Negro

men whom she later identified as the defendant and one James Brown. She was taken to an apartment house where approximately one dollar was taken from her, and she was forcibly raped. She was then driven from the scene and released.

The following day the defendant and Brown were arrested. Mr. Tony Russo was appointed counsel for both men at their preliminary hearing. Later, on Mr. Russo's motion to withdraw, the court appointed Mr. Elmer Jackson, Jr., who represented the defendant and Brown at the preliminary hearing held on January 21, 1965. The complaining witness was the only person who testified; the defendant and Brown offered no evidence. Both men were bound over to the district court for trial.

On March 3 Mr. Jackson withdrew as counsel for both Bethea and Brown. Mr. John J. Ziegelmeyer was appointed by the district court to represent Brown. At the same time the court appointed Mr. Tudor Nellor to represent Bethea. Mr. Nellor, having conflicting employment, declined to serve, and the court, on the same day, appointed Mr. John Fisette as counsel for Bethea.

The information filed in district court charged the defendant with the crimes of kidnaping in the first degree (K. S. A. 21-449), forcible rape (K. S. A. 21-424), and robbery in the first degree (K. S. A. 21-527). On March 22 the defendant, accompanied by Mr. Fisette, was present in court for arraignment, plea and sentence. The kidnaping charge in the information was amended by striking any allegation that bodily harm was inflicted upon the victim. The rape and robbery charges were dismissed. The information, as amended, was read into the record and defendant entered a plea of guilty.

Before accepting the plea the district judge conducted an extensive and thorough examination of the defendant. In answers to the court's questions Bethea acknowledged he was pleading guilty because he was guilty; that he and Brown took the girl "against her will"; that no threats or promises were made by anyone to induce a plea of guilty; and that he knew he had a right to a trial by jury but did not desire to exercise it. After accepting the plea the court announced that under the statute (K. S. A. 21-449) ". . . when there is a plea of guilty, . . . even though it is not a capital offense as charged, I believe the law requires that evidence be introduced. . . ." The state then offered in evidence, without objection by defendant's counsel, a transcript of

the proceedings of the preliminary hearing. No legal reason being stated why sentence should not be pronounced, the defendant was sentenced to confinement and hard labor in the state penitentiary for a term of thirty years.

The defendant filed notice of appeal and present counsel was appointed to assist him on appeal. After his attorney had filed the record on appeal and appellant's brief, the defendant, without the knowledge of his attorney, filed a motion to amend and supplement the statement of the case and points relied on, which motion was granted by this court. As a result counsel has filed a lengthy document prepared by the defendant himself containing numerous allegations of error. As nearly as we can ascertain, his main complaint concerns irregularities occurring at the preliminary hearing. We have carefully examined each of his contentions and find they are without merit. Moreover, the well-established rule in this jurisdiction is that a voluntary plea of guilty by a defendant represented by counsel waives any claimed irregularities pertaining to his preliminary hearing. (*Portis v. State,* 195 Kan. 313, 403 P. 2d 959.)

We now proceed to those points briefed and argued by defendant's counsel and on which he bases his contention that the judgment of conviction and the sentence are void.

Defendant first contends that at the time he entered his plea of guilty on March 22, 1965, a verified amended information was not on file and none was filed until March 29. The transcript of the proceedings on March 22 reveals that the court reaffirmed the appointment of Mr. Fisette as counsel for the defendant. Thereafter, the state dismissed the rape and robbery charges and the defendant was arraigned on the charge of first degree kidnaping. Prior to the arraignment, however, the state requested to amend the information by deleting the words "did then and there inflict bodily harm." At the court's suggestion Mr. Menghini, the assistant county attorney, then read into the record the information, as amended, the pertinent portion of which reads:

". . . on or about the 20th day of December, 1964, one Oscar Bethea and one James Lee Brown, did unlawfully, willfully and feloniously, without lawful authority, seize, confine, inveigle, decoy, kidnap, take and carry away . . . against her will, . . . contrary to the statute in such case made and provided."

The information was signed Leo J. Moroney, county attorney, and was verified.

After the reading of the amended information, the record reflects the following:

"THE COURT: Very well, Mr. Bethea, you have heard the reading of this Information against you?

"THE DEFENDANT: Yes, sir.

"THE COURT: How do you desire to plead to this Information, sir, guilty or not guilty?

"THE DEFENDANT: Guilty."

As a result of the striking of the words "did then and there inflict bodily harm," the crime charged carried a penalty of not less than twenty years' imprisonment. (K. S. A. 21-449.)

Defendant's counsel acknowledges that K. S. A. 62-808 permits the amendment of an information in matters of substance and form at any time before a defendant pleads, without leave of the court, but asserts that defendant's plea of guilty was made to a nonexistent information. Defendant's argument completely overlooks the fact that at the time of his plea there was on file a duly verified information which had been amended by striking therefrom the words heretofore mentioned. No objection to the amendment was registered by the defendant or his counsel; nor does it appear the defendant was misled or failed to understand he was entering a plea of guilty to the information, as amended. We believe these facts present a situation where the amended information later filed was unnecessary and may be regarded as mere surplusage to the entire proceedings.

Defendant next contends his rights under the fourteenth amendment of the federal constitution were violated for the reason he was without counsel "to guide and advise him of his constitutional rights" from the time of his arrest on December 21, 1964, until January 5, 1965, at which time Mr. Russo was appointed to represent him at his preliminary hearing. Defendant, in effect, says he had a constitutional right to be furnished counsel from the moment of arrest. Although he purports to rely on *Gideon v. Wainwright*, 372 U. S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A. L. R. 2d 733, and *Escobedo v. Illinois*, 378 U. S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758, he makes no effort to show, and we are unable to discern, anything in those decisions which would require the appointment of counsel under the facts and circumstances of the instant case.

Both *Gideon* and *Escobedo* received the attention of this court in *State v. Richardson*, 194 Kan. 471, 399 P. 2d 799, in which we held that an indigent defendant was not entitled to counsel at a pre-

liminary hearing inasmuch as the same was not a critical stage of a criminal proceeding in this state. The *Escobedo* case received further attention in *State v. Stubbs*, 195 Kan. 396, 407 P. 2d 215. A careful reading of these decisions readily reveals that the defendant's contention on this point is completely untenable.

Defendant further asserts the appointment of Mr. Fisette to represent him in the district court was not in accordance with the requirements of K. S. A. 62-1304 in that there was no record of formal appointment and the court reporter's transcript relating to the appointment was not filed. The pertinent portion of said statute provides:

". . . If he is not able to employ counsel, and does not ask to consult counsel of his own choosing, the court shall appoint counsel to represent him, unless he states in writing that he does not want counsel to represent him and the court shall find that the appointment of counsel over his objection will not be to his advantage. A record of such proceedings shall be made by the court reporter, which shall be transcribed and reduced to writing by the reporter, who shall certify to the correctness of such transcript, and such transcript shall be filed and made a part of the files in the cause. The substance of the proceedings provided for herein shall be entered of record in the journal and shall be incorporated in the journal entry of trial and judgment. . . ."

The court's "docket sheet" discloses a notation that Mr. Fisette was appointed on March 3, 1965. Although no court reporter's transcript was filed, the substance of the proceedings was incorporated in the journal entry of judgment. The journal entry recites a finding by the trial court, in connection with the appointment of counsel, that there had been full compliance with the provisions and procedure of 62-1304. Under such circumstances the failure to file a court reporter's transcript is merely an irregularity which is not sufficient to vitiate the proceedings. (*Goetz v. Hand*, 185 Kan. 788, 347 P. 2d 349; *Tibbett v. Hand*, 185 Kan. 770, 347 P. 2d 353.)

Defendant's last contention of error is that the provision of K. S. A. 21-449, requiring the court to hear evidence for the purpose of determining punishment, was not complied with in that the court admitted into evidence a transcript of the victim's testimony taken at the preliminary hearing without any showing that she was unavailable to testify.

Defendant cites and relies on *State v. Brown*, 181 Kan. 375, 312 P. 2d 832, in which this court held that a sufficient foundation had not been laid for the admission of the preliminary hearing tran-

script into evidence. The facts of the *Brown* case are clearly distinguishable from those of the instant case. The question there presented related to the admissibility of the transcript as a part of the evidence at the defendant's trial and not its admissibility after a plea of guilty.

The record discloses that the preliminary hearing transcript was admitted without objection by the defendant or his counsel. Under such circumstances any complaint concerning the lack of foundation has been waived. Normally further consideration of the point would be unnecessary; however, we proceed further, for we are of the opinion that the trial judge was in error in his statement that the statute *required* the court to hear evidence after a plea of guilty to the charge contained in the information, as amended.

The applicable portions of K. S. A. 21-449 are as follows:

". . . if bodily harm is in any way inflicted upon the person or persons so kidnaped, said person or persons so guilty of the above-mentioned acts or act, shall, on conviction, be deemed guilty of kidnaping in the first degree and be punished by death *or* by confinement and hard labor in the penitentiary for life, if the kidnaped person has been harmed, or by imprisonment in the penitentiary for not less than twenty (20) years if the kidnaped person is unharmed. If there is a jury trial the jury shall determine *which* punishment shall be inflicted. If there is a plea of guilty the court shall determine *which* punishment shall be inflicted, and in doing so shall hear evidence: . . ." (Emphasis added.)

It appears that this court has never had occasion to pass on the question of whether or not the aforementioned statute requires the trial court, in the event of a plea of guilty, to hear evidence in determining the punishment to be inflicted if the kidnaped person is unharmed.

In *State v. Cox,* 188 Kan. 500, 503, 363 P. 2d 528, this court held that the submission to the jury of a verdict form containing the words "'". . . and further find that the kidnapped person was *unharmed* and direct that said defendant be confined in the penitentiary for not less than twenty years as provided by law."'" constituted reversible error for the reason there was no evidence that would have supported such a finding. In other words, the form of verdict was unwarranted and improper inasmuch as there was no evidence in the case that the kidnaped person was unharmed. The precise question of whether or not the jury was required to determine the punishment if the kidnaped person was unharmed was not raised or considered by the court.

The statute provides where there is a trial before a jury or a plea of guilty to the court that the jury or court, after hearing evidence, shall determine *"which* punishment shall be inflicted." The word "which" as used in the statute refers to the antecedent alternative phrases relating to punishment, that is, "by death, *or* by confinement and hard labor in the penitentiary for life, if the kidnaped person has been harmed." The other punishment provision of the statute, namely, "or by imprisonment in the penitentiary for not less than twenty (20) years if the kidnaped person is unharmed" contains no similar alternative phrases. In fact, under the latter portion of the statute a defendant may be sentenced to imprisonment for his natural life or for any number of years not less than twenty. (K. S. A. 21-109.) From a careful reading of the statute we are unable to say that the legislature intended by this language to give a jury the latitude of determining punishment at any number of years not less than twenty if the kidnaped person is unharmed; neither can we say the provision requires a court to hear evidence in the event of a plea of guilty.

Such a construction of K. S. A. 21-449 is consistent with other portions of our code of criminal procedure and is exemplified by a reading of the penalty statute for the crimes of murder in the first and second degrees (K. S. A. 21-403). The wording of the two statutes is nearly identical. The word "which" again is used and obviously refers to "by death, *or* by confinement and hard labor in the penitentiary . . . for life." The statute ends with a sentence providing that those convicted of murder in the second degree will be punished by confinement and hard labor for not less than ten years. The location of the latter sentence in the statute would dispel any serious contention that a jury would be required to determine the punishment in a case of a conviction of the crime of murder in the second degree, or that the court would be required to hear evidence in the event of a plea of guilty.

K. S. A. 21-403 and K. S. A. 21-449 are the only statutes in our entire code of criminal procedure that require a jury to determine punishment, or that require a court to hear evidence if there is a plea of guilty. In each instance the punishment to be determined is death, or life imprisonment. The similarity of wording in the two statutes leads us to the inescapable conclusion that K. S. A. 21-449 requires a jury to determine the punishment if there is a jury trial and requires a court to hear evidence, if there is a plea of

guilty, only if the kidnaped person is *harmed.* If the kidnaped person is *unharmed,* the matter of punishment is exclusively for the court, whether there is a plea of guilty or a finding of guilty by a jury. In such latter case the court *may* but *is not required* by the statute to hear evidence in determining the punishment to be imposed. From what has been said herein, the district judge erroneously determined that he was required to hear evidence prior to the sentencing of the defendant.

Defendant has had the benefit of capable and competent counsel throughout the entire course of the proceedings, including the presentation of his appeal to this court. We have carefully reviewed and considered every reasonable question advanced by the defendant in his brief and find nothing that would require reversal of the judgment of conviction and the sentence imposed by the trial court.

The judgment is affirmed.