No. 44,737

Robert L. Palmer, *Appellant*, v. State of Kansas, *Appellee*.

(427 P. 2d 492)

Opinion filed May 13, 1967.

*Albert S. Teed*, of Hutchinson, argued the cause and was on the brief for the appellant.

*Richard J. Rome*, County Attorney, argued the cause, and *Raymond F. Berkley*, Assistant County Attorney, and *Matthew J. Dowd*, Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: Robert L. Palmer is now in custody of the warden at the state penitentiary at Lansing, Kansas. He was tried and convicted of the crime of burglary in the second degree and received a sentence under the Habitual Criminal Act. (G. S. 1949, 21-107a, now K. S. A. 21-107a.)

Mr. Palmer now appeals from a judgment of the District Court of Reno County summarily denying his motion to vacate filed pursuant to K. S. A. 60-1507.

Appellant contends that his sentence under the Habitual Criminal Act was improper in three particulars, (1) the prior convictions upon which the increased sentence was based were too remote, (2) no notice was given of an intention to impose the increased sentence and (3) he should have been notified prior to entry of his plea to the charges. We will examine these three contentions.

Both prior convictions used to increase the sentence occurred in 1947.

G. S. 1949, 21-107a provides:

"Every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the penalty of the second conviction; and if convicted a third time of felony, he shall be confined in the penitentiary for a period of not less than

fifteen years. Judgment in such cases shall not be given for the increased penalty, unless the court shall find, from the record and other competent evidence, the fact of former convictions for felony committed by the prisoner, in or out of this state."

There is nothing in the statute to require that prior convictions be within a specified period of time. Even though the two convictions did occur in 1947 this would not change the requirement of mandatory imposition of increased sentence. When prior felony convictions against the defendant are established by competent evidence after such notice as required by due process, imposition of sentence under this statute is mandatory upon the court. (*State v. Tague*, 188 Kan. 462, 466, 363 P. 2d 454.)

The original journal entry of sentence recites that the records of prior convictions were offered in evidence on October 21, 1961, at which time the defendant objected ". . . *on the grounds that said convictions are of such a remote nature that this court may ignore said convictions.*" (Emphasis added.) On October 23, 1961, the motion on this objection was denied and defendant was sentenced. Thereafter the record shows at least two days elapsed after prior convictions were shown and before sentence was pronounced.

It is noted that appellant did not object because of insufficient notice. Neither did he deny his prior convictions.

In his motion to vacate he states:

"Also I wasn't informed nor given notice, that the habitual criminal act (G. S. 21-107a) was going to be imposed if the jury found me guilty, denying me due process of law as guaranteed by the 14th Amendment. (I might have plead guilty if knew [*sic*] they were going to give me more time for my past sentences) . . ."

A person charged with a felony should be advised that an increased sentence will be demanded upon conviction. However, an increased sentence will not be vacated for lack of notice where the person admitted the former felony convictions and did not object to the increased sentence on the ground of lack of notice at the time of sentence. (*Robertson v. State*, 198 Kan. 543, 426 P. 2d 52; *Chance v. State*, 195 Kan. 711, 408 P. 2d 677; *Goodwin v. State*, 195 Kan. 414, 407 P. 2d 528.)

Appellant contends he should have been notified of an intention to impose the Act prior to arraignment. Then, he alleges, he could have made a more intelligent decision on whether to plead guilty

to the charges. The position he takes is different from the usual contention made by a prisoner who is notified prior to arraignment. When a prisoner is notified prior to arraignment and pleads guilty to the charges he contends later that his plea of guilty was involuntary because it was coerced on threat of imposing the Act.

This court has repeatedly held a defendant may properly be notified of an intention to impose the Habitual Criminal Act after he is convicted on the pending charge. (*State v. Messmore,* 175 Kan. 354, 264 P. 2d 911; *Sanders v. Hand,* 190 Kan. 457, 375 P. 2d 785.)

Appellant next questions the sufficiency of his preliminary hearing.

In his motion to vacate judgment and sentence he states that he ". . . didn't waive preliminary *in writing* . . ." (Emphasis added.) Appellant does not cite any statute or decision which requires waiver of preliminary hearing to be in writing and we know of no such requirement.

The record of proceedings before the judge of the City Court of Hutchinson appears in the abstract. The defendant appeared in that court on May 24, 1961, with his attorney, Don Wyman. The county attorney was present. The charge was read to the defendant and he waived preliminary hearing. All of this is set forth in the order binding defendant over for trial in the district court.

When a defendant pleads guilty or goes to trial and is convicted of a charge he waives any claim of irregularity in the preliminary hearing by failing to object prior to plea or trial. (*Williams v. State,* 197 Kan. 708, 710, 421 P. 2d 194; *State v. McCarther,* 196 Kan. 665, 671, 414 P. 2d 59; *Smith v. State,* 196 Kan. 438, 411 P. 2d 663.)

The present record discloses no objection was made by defendant to the sufficiency of the preliminary hearing during the trial proceedings. The records in the city court refute the uncorroborated statement of the appellant Palmer that he did not waive preliminary hearing. This contention of appellant is without merit.

Appellant's motion to vacate contained a request that he be present at the hearing and be represented by counsel. On appeal he specifies no error thereon and no argument is presented in the appeal brief. Therefore these matters are abandoned by the appellant and need not be considered on appeal. (*Tate v. State,* 196 Kan. 435, 411 P. 2d 661.)

The remaining matters urged upon this court are not set forth in

the motion to vacate or presented to the trial court. They will not be considered for the first time on appeal. (*Tate v. State,* supra.)

The motion to vacate was properly denied and the judgment is affirmed.

FONTRON, J., not participating.