No. 45,069

Charles D. Mann, *Appellant,* v. State of Kansas, *Appellee.*

(436 P. 2d 358)

Opinion filed January 27, 1968.

*M. K. Hoag,* of Pleasanton, argued the cause and was on the brief for the appellant.

*Leighton A. Fossey,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal by the petitioner from an order of the district court of Linn County, Kansas, denying relief in a proceeding instituted pursuant to K. S. A. 60-1507.

The grounds upon which the petitioner relied for relief in his motion were: (*a*) That he had no attorney at the preliminary hearing; (*b*) that he was not notified the habitual criminal act was going to be invoked until after he had entered a plea of guilty to the offense of breaking jail; (*c*) that he was given no preliminary examination upon the habitual criminal charge; and (*d*) that his court-appointed counsel failed to adequately represent him at the time of his plea and sentencing.

The criminal proceeding which resulted in the judgment and sentence here under attack by the petitioner was filed early in the year 1959. On the 5th day of February, 1959, the petitioner was brought into the district court for arraignment upon informations charging him with two offenses—breaking jail (G. S. 1949, [now K. S. A.] 21-736), and stealing an automobile (G. S. 1949, [now K. S. A.] 21-533 and 534.)

Harry C. Blaker, a duly licensed attorney, was appointed to represent the indigent petitioner. Upon arraignment the petitioner stood mute, following which the court entered a plea of not guilty upon each of the charges. Thereafter on the 5th day of March, 1959, the petitioner was again brought before the court, after having had an opportunity to consult with his court-appointed attorney. Thereupon the petitioner entered a plea of guilty to the charge of breaking jail, and the petitioner's attorney stated it was his understanding the county attorney would dismiss the count of grand larceny upon the petitioner's plea of guilty to the charge of breaking jail. Upon motion of the county attorney the court dismissed the information charging the petitioner with grand larceny of an automobile.

Upon interrogation by the court the petitioner stated he was twenty-five years of age. The county attorney informed the court he had a certified copy of a 1952 conviction in Anderson County for the crime of forgery; and an authenticated copy of the journal entry of conviction in the State of Colorado (Eagle County), where

the petitioner was sentenced to the Colorado State Penitentiary for the offense of aggravated robbery.

Without objection by counsel for the petitioner, upon interrogation by the court, the petitioner informed the court he had served thirty-five months on the aggravated robbery charge in the Colorado State Penitentiary; was later paroled; and upon revocation of the parole served four more months. He further informed the court upon inquiry that he served eighteen months on the forgery charge, after having been originally paroled on that conviction. Immediately thereafter counsel for the petitioner asserted the provisions of G. S. 1957 Supp., 62-2239, when it was learned the trial court intended to impose sentence upon the petitioner pursuant to the habitual criminal act for not less than fifteen years in the State Penitentiary.

Counsel for the petitioner in an effort to have the court set a low minimum pursuant to 62-2239, *supra*, argued as follows:

"MR. BLAKER: The jail break he has plead guilty to. The sentence is not to exceed 2 years or less than 6 months. This boy is a check writer. There is no question about that. He has been. He has written checks all over the country but with the exception of this one robbery thing which he says was with toy pistols—I don't know anything about it. It was in Colorado. There is no evidence or showing of any crime of violence. He is just a check writer. Like the boys who like automobiles write bad checks and get automobiles. Now, he started in Reform School when he was about 18. He never has been out of jail long enough to know what the world is like. As I said the other day, from my viewpoint even if he is 25, from where you and I sit or I sit he is still a kid. If you put him in the penitentiary for 15 years you might as well make it life. For jail break it could go down for 6 months except for this habitual criminal stuff. I don't think the court should sentence him to anything like 15 years. Two or three years in the penitentiary will either make a man out of him or ruin him."

After further argument the court sentenced the petitioner as follows:

". . . it is the judgment and sentence of the court that you be confined in the State Penitentiary for a period of not less than 15 years, and in view of Section 62-2239, the court does reduce the minimum sentence in accordance with said section of the Statute to a minimum of seven years. . . ."

On the 19th day of March, 1959, the appellant was again brought before the court when the court said, after giving further consideration to the matter, that he had misapplied the law and stated to the appellant: "Therefore, I will change the sentence to the sentence first indicated in the matter—a minimum term of 15 years."

Thereupon the appellant was delivered to the State Penitentiary at Lansing, Kansas, on the 20th day of March, 1959.

In this 1507 proceeding the trial court gave the petitioner a full evidentiary hearing, at which he was present and represented by court-appointed counsel. The matter was heard on the 11th day of July, 1966, and from an adverse decision the petitioner, through counsel, has perfected an appeal to this court.

At the hearing in the 1507 proceeding the petitioner testified on his own behalf that his plea of guilty was not voluntarily entered; that he was led to believe that the habitual criminal act would not be invoked on his plea of guilty to the offense of jailbreak; and that he was not advised prior to the entry of his plea that the habitual criminal act would be invoked. The petitioner offered no evidence other than his own testimony, the transcript of the criminal proceedings, prepared by the court reporter, and the files and records in his original case.

The first point upon which the petitioner (appellant) relies on appeal is that he was thwarted in his attempt to take a direct appeal from his conviction. This point was not raised in the appellant's motion (on the form prescribed) filed in the district court.

It is fundamental that this court will not for the first time consider points on appeal which have not been brought to the attention of the trial court. (*Peterson v. State*, 200 Kan. 18, 434 P. 2d 542; *Minor v. State*, 199 Kan. 189, 428, P. 2d 760; and *Tate v. State*, 196 Kan. 435, 411 P. 2d 661.)

Next the petitioner contends he was not represented by counsel at the preliminary hearing. On this point the trial court found the appellant was not prejudiced by reason thereof; and that there was no indication in the record that any of the proceedings at the preliminary examination were ever used against him.

In the recent case of *Allen v. State*, 199 Kan. 147, 427 P. 2d 598, an argument similar to that of the appellant herein was answered as follows:

". . . Ordinarily, a preliminary examination is not deemed a critical stage of the proceedings in this jurisdiction. (*State v. Richardson*, 194 Kan. 471, 399 P. 2d 799.) Inasmuch as an indigent accused has no constitutional right to appointed counsel at a preliminary examination, failure to provide counsel at such time does not constitute reversible error, absent a showing of prejudice to his substantial rights. A number of our recent decisions to this effect are found in *Brown v. State*, 198 Kan. 345, 424 P. 2d 576. . . . In addition, petitioner's voluntary plea of guilty to the charge against him constituted a waiver of any alleged irregularities occurring at the preliminary examination stage. (*Witt v. State*, 197 Kan. 363, 416 P. 2d 717; *Coats v. State*, 196 Kan. 607, 413 P. 2d 81; *Byrd v. State*, 196 Kan. 466, 413 P. 2d

61; *Smith v. State*, 196 Kan. 438, 411 P. 2d 663; *State v. Bethea*, 196 Kan. 188, 410 P. 2d 272.)" (p. 152.)

The foregoing principle was restated and reaffirmed by this court in *Lieser v. State*, 199 Kan. 503, 430 P. 2d 243.

This court has consistently refused to make the *Escobedo* and *Miranda* doctrines retroactive as the appellant now urges. The United States Supreme Court in *Johnson v. New Jersey*, 384 U. S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772, held that those doctrines should apply only to those cases that were commenced after the decisions were announced. (*Addington v. State*, 198 Kan. 228, 424 P. 2d 871.)

There is no indication in the record here presented which even suggests that the substantial rights of the appellant were prejudiced by the failure to have counsel at the preliminary examination. His plea of guilty to the only charge remaining constituted a waiver of irregularities which may have occurred at the preliminary examination stage.

The appellant contends the sentence under which he is serving is invalid on the ground that he was not notified the habitual criminal act was going to be invoked until after he had entered a plea of guilty to the offense of breaking jail.

On this point the appellant relies upon the journal entry of conviction which recites the allocution was given before the county attorney presented evidence of prior convictions to the court for the purpose of invoking the provisions of G. S. 1949 (now K. S. A.) 21-107a. Upon this basis the appellant contends the first notice he had that the state intended to invoke the provisions of the habitual criminal act came after the allocution and not before, contrary to the holding of this court in *State v. Woodman*, 127 Kan. 166, 272 Pac. 132.

The decisions of this court and of the Federal courts hold that a defendant in a criminal action is entitled to reasonable notice of intention of the state to invoke the habitual criminal act. This is a right, however, which may be waived. In *Palmer v. State*, 199 Kan. 73, 427 P. 2d 492, this court said:

"A person charged with a felony should be advised that an increased sentence will be demanded upon conviction. However, an increased sentence will not be vacated for lack of notice where the person admitted the former felony convictions and did not object to the increased sentence on the ground of lack of notice at the time of sentence. (*Robertson v. State*, 198 Kan. 543, 426 P. 2d

52; *Chance v. State,* 195 Kan. 711, 408 P. 2d 677; *Goodwin v. State,* 195 Kan. 414, 407 P. 2d 528.)" (p. 74.)

Further in the opinion the court said:

"This court has repeatedly held a defendant may properly be notified of an intention to impose the Habitual Criminal Act after he is convicted on the pending charge. (*State v. Messmore,* 175 Kan. 354, 264 P. 2d 911; *Sanders v. Hand,* 190 Kan. 457, 375 P. 2d 785.)" (p. 75.)

While the journal entry indicates that evidence of previous convictions was presented after the allocution, the transcript of the proceedings before the trial court clearly indicates that the previous convictions were known to counsel for the appellant because they were mentioned on arraignment in connection with the fixing of the bond, and the entire matter was gone into prior to allocution, with the court directly inquiring of the appellant what he had to say with reference to the evidence of prior convictions. The appellant admitted the two prior convictions concerning which evidence was introduced, and even testified as to the time he had spent in prison on each one. Throughout the proceeding counsel for the appellant made no objection to the evidence of prior convictions, or to the statements made by the appellant. In fact, counsel for the appellant went much further in referring to the appellant's history as a check writer.

The trial court found the appellant raised no objection at the time of sentencing, and he raised no question in these proceedings concerning his identity or the validity of the prior convictions; that under the circumstances, the time for complaint was on the date of sentencing, not now.

That petitioner introduced no testimony before the trial court which would indicate he was taken by surprise; that advance notice would have availed him of defenses which he was unable to produce because of surprise, or any like matters.

We find no merit in the appellant's attempt to distinguish *Sanders v. Hand,* 190 Kan. 457, 375 P. 2d 785, from the situation at hand.

The appellant contends his plea of guilty was not voluntarily entered, but made only after he was led to believe that if he pleaded guilty the habitual criminal act would not be invoked. On this point the trial court found against the appellant. It specifically found the only evidence, that the petitioner was led to believe the habitual criminal act would not be invoked, was his own testimony in these proceedings.

Rule No. 121 (g) of the Supreme Court relates to the burden of proof in proceedings of this nature. It reads:

"The movant has the burden of establishing his grounds for relief by a preponderance of the evidence. The uncorroborated statements of the movant shall be insufficient to sustain the burden of proof."

The foregoing rule was asserted and applied in *Brown v. State*, 198 Kan. 527, 426 P. 2d 49; and *Chambers v. State*, 199 Kan. 483, 430 P. 2d 241.

The appellant relies on *Machibroda v. United States*, 368 U. S. 487, 7 L. Ed. 2d 473, 82 S. Ct. 510, for the proposition that a plea of guilty, if induced by promises or threats which deprive it of the character of a voluntary act, is void; and that a conviction based upon such a plea is open to collateral attack. There the petitioner was held to be entitled to a full hearing on a petition alleging such ground. The foregoing proposition of law is fundamental and followed in Kansas. (*Miller v. Hudspeth*, 164 Kan. 688, 705, 192 P. 2d 147; and *State v. Richardson*, 194 Kan. 471, 399 P. 2d 799.)

Here the appellant was represented by competent counsel, and he makes no allegations that counsel advised him improperly or that any statements, promises or inducements were made to him. In the *Machibroda* case there were allegations or promises and inducements and the court held the petitioner was entitled to a full hearing. It did not hold the mere making of such allegations entitled the petitioner to relief. Despite the fact that no such allegations were made in this case, the petitioner was granted a full evidentiary hearing where he failed to sustain his burden of proof.

The appellant alleged in his motion the sentence was invalid on the ground that he was given no preliminary examination upon the habitual criminal charge.

While this point has not been urged in the appellant's brief, there is no requirement by statute or case law that a preliminary examination be held on the habitual criminal act. The habitual criminal act does not create a new or separate crime based on the commission of more than one felony. It merely provides for the imposition of an increased sentence for every person convicted a second and third time for any felony. (*State v. Ricks*, 173 Kan. 660, 250 P. 2d 773; *State v. Messmore*, 175 Kan. 354, 264 P. 2d 911; *State v. Duree*, 186 Kan. 783, 352 P. 2d 957; and *Aeby v. State*, 199 Kan. 123, 427 P. 2d 453.)

The appellant contends the sentence was invalid on the ground that his court-appointed counsel failed to adequately represent him at the time of his plea and sentencing.

The trial court found the only evidence before the court that his counsel did not properly represent him were the appellant's unsupported statements. Relying upon the record the trial court found the appellant's court-appointed counsel was instrumental in securing the dismissal of the grand larceny charge, a more serious offense than breaking jail, by negotiation with the county attorney, and found that appellant's counsel argued at length for a minimum term of seven years rather than a sentence of fifteen years as prescribed by the habitual criminal act, and he briefed the law for the trial court on this point. Under the circumstances the trial court found from the record that counsel faithfully discharged his duty at all times.

*Smith v. State,* 199 Kan. 293, 429 P. 2d 103, cited by the appellant, with reference to the adequacy of counsel, properly states the law but the appellant can take no comfort from it upon the record here presented.

The final point of error asserted by the appellant is that the trial court erred in setting aside its sentence of not less than seven years and entering judgment sentencing the appellant to a term of fifteen years. This point was not brought to the attention of the trial court in the appellant's motion, and has been abandoned by the appellant in his brief.

Cases which have dealt with this point are *State v. O'Connor,* 186 Kan. 718, 353 P. 2d 214; *Bridges v. State,* 197 Kan. 704, 421 P. 2d 45; *Richardson v. Hand,* 182 Kan. 326, 320 P. 2d 837; and *Chambers v. State,* supra.

For the reasons heretofore stated we hold the trial court did not err in denying the petitioner relief upon the grounds asserted in his petition.

The judgment of the lower court is affirmed.