# STATE OF TENNESSEE ex rel. LEONARD LEE HALL, Petitioner, v. C. MURRAY HENDERSON, Warden, Respondent.

Court of Criminal Appeals of Tennessee. Oct. 2, 1969.

Certiorari Denied by Supreme Court Jan. 19, 1970.

A. W. Ray, Memphis, for petitioner.

George F. McCanless, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, Billy F. Gray, Asst. Dist. Atty. Gen., Memphis, for respondent.

## OPINION

WALKER, Presiding Judge.

From the dismissal of his habeas corpus petition after an evidentiary hearing, the petitioner below, Leonard Lee Hall, appeals to this court.

On April 24, 1964, while serving a sentence for petit larceny, the petitioner and two others escaped from the Shelby County Penal Farm. They were later apprehended and all were indicted for robbery with a deadly weapon, larceny of an automobile and escape.

Represented by an assistant public defender, the petitioner entered pleas of guilty to the three charges on Jun 8, 1964, and was sentenced to ten years for armed robbery, three years for grand larceny and one year for escape. The trial judge ordered the larceny sentence to be served concurrently with the armed robbery one and the escape sentence consecutively to it.

In this proceeding he attacks the armed robbery and larceny sentences.

He says that officers coerced him to confess by threatening to send him to the electric chair, that he was identified at an illegal and improper lineup, that his appointed counsel was ineffective and coerced his plea of guilty, and that no evidence was submitted on his plea of guilty.

The trial judge entered a memorandum and order in which he carefully considered all of the petitioner's contentions and found them without merit. The record fully sustains his findings.

■ The petitioner confessed to the crimes in the presence of his codefendants. He now says that he left them after the escape and was in Louisiana at the time of the crimes. There is no proof that any confession was introduced at his trial; his petition says no evidence was introduced; nor was any identification based on a lineup introduced.

■ He contends that he had proof of an alibi, but he says he did not tell it to his attorney. He received the minimum sentences for the offenses for which he was indicted. His claim of ineffective representation by counsel is not proven. While a plea of guilty must be entirely voluntary, intelligently and understandingly made, and not the product of deception, coercion or trick, we are of the opinion that the petitioner's pleas of guilty met these requirements. See State ex rel. Barnes v. Henderson, 220 Tenn. 719, 423 S.W.2d 497.

■ The petitioner's uncorroborated testimony does not sustain the burden of proof resting on him, or justify granting the writ of habeas corpus, where each judgment is regular on its face and entitled to the presump-

tion of validity. Tibbett v. Hand, 185 Kan. 770, 347 P.2d 353, cert. denied, 363 U.S. 854, 80 S.Ct. 1634, 4 L.Ed.2d 1736; Tibbett v. Hand, 294 F.2d 68 (10th Cir., 1961).

The right to evidence on a plea of guilty is a statutory one and does not rise to constitutional stature. State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635.

All assignments are overruled and the judgment of the lower court is affirmed.

We express the Court's appreciation to A. W. Ray, of the Memphis bar, for his able representation of the petitioner by appointment.

This case was heard and submitted to the Court prior to the enactment of Chapter 330 of the Public Acts of 1969 increasing the memebership of the Court.

OLIVER and GALBREATH, JJ., concur.