**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 6, 2007**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MAURICO KEJUAN SMITH, also
known as Maurico Kijuan Smith,

Defendant-Appellant.

No. 06-5173
(N.D. Okla.)
(D.Ct. No. 06-CR-043-001-JHP)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is

therefore ordered submitted without oral argument.

Appellant Maurico Kejuan Smith pled guilty to five criminal counts,

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, _res judicata_ and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

including one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii); one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); one count of possession of a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A); and one count of possession of a firearm after former conviction of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He now appeals his sentence, contending the district court erred in sentencing him to 322 months imprisonment, which he claims is an unreasonable sentence under 18 U.S.C. § 3553(a). We exercise jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm Mr. Smith's conviction and sentence.

## I. Factual Background

After Mr. Smith's arrest and indictment, he pled guilty to all five counts in the indictment. Following his guilty plea, a probation officer prepared a presentence report calculating his total offense level at thirty-four under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), which included a career offender enhancement based on the fact he had at least two prior controlled drug offenses. His total base offense level, together with his criminal history category of VI, resulted in a Guidelines range of 322 to 387 months

imprisonment.

## II. Procedural Background

Mr. Smith did not file formal written objections to the presentence report, and at the sentencing hearing his counsel again stated he had no objections. However, after Mr. Smith made a statement to the court, his counsel asked the district court to consider the 18 U.S.C. § 3553 factors in conjunction with: (1) his poverty; (2) his upbringing, including the fact he was raised by his grandparents due to his mother's and stepfather's incarceration; (3) the grouping of his three prior convictions, including their relative proximity in time; (4) the amount of time since his last prior conviction; (5) his maturity level during those prior convictions; (6) his relationship with his children; (7) his remorse for his actions; (8) the fact he pled guilty rather than go to trial; (9) the "horrendous" or excessive sentence based on his career offender enhancement; (10) his need for rehabilitation; (11) his argument that an overly excessive sentence might not protect the public or cause a defendant to respect the laws; (12) the fact he never "made it beyond the eleventh grade";[1] and (13) his request for a sixteen-year sentence. In response, the government argued it received no notice of Mr. Smith's "downward departure" request and that a decrease in his sentence was not

---

[1] The record indicates Mr. Smith obtained a GED and plumbing and carpentry training.

warranted given Mr. Smith did not learn from his prior three drug convictions and incarcerations and, instead, continued to deal drugs, including marijuana, cocaine, and heroin, while possessing a gun.

In addressing Mr. Smith's argument, the district court judge stated he reviewed and considered the nature and circumstances of the offenses, together with Mr. Smith's characteristics and criminal history and the advisory Guidelines calculations. He then sentenced Mr. Smith at the low end of the Guidelines range of 322 to 387 months, to 322 months imprisonment. In so doing, he explicitly stated that several § 3553(a) factors warranted the specific sentence imposed, including the fact the sentence was consistent with the applicable Guidelines; Mr. Smith is a Guidelines career offender; he had at least two prior drug trafficking convictions, neither of which deterred him from selling drugs again; he carried a loaded firearm during his criminal activity; he showed no plans to change the course of his life; the sentence reflected the seriousness of the offense, promoted respect for the law, and provided just punishment for the offense committed; a lengthy sentence was necessary to punish him, protect the public, provide a deterrence to others, and to incapacitate Mr. Smith; and the sentence promoted uniformity in sentencing for similarly situated defendants.

III. Discussion

On appeal, Mr. Smith argues the district court erred in sentencing him "to a term of incarceration that was plainly unreasonable" and in violation of *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004). In support, he contends the district court failed to conduct the required 18 U.S.C. § 3553(a) analysis of sentencing factors and instead sentenced him by inappropriately relying solely on the Guidelines advisory sentencing range. In so doing, he argues, the district court considered only the gun and the prior convictions and not the additional factors he raised at sentencing. He also contends the district court applied the Guidelines in a mandatory manner because it stated, "[t]he *findings of fact that are pertinent to the sentencing* for the record are a total offense level of 34; criminal history category of 6; possible sentence from 322 months to 387 months for all ... counts," and later, in response to the government's objection over a lack of notice on a "downward departure," it further stated: "I think [defendant's counsel] was speaking based on what's in the presentence report. His argument was directed to the presentence report. I don't think he brought up anything new except ... that there was a plea for a ... *major departure*." In conjunction with this argument, Mr. Smith generally claims his 322-month sentence is cruel and unusual under the Eighth Amendment because the proper § 3553 analysis was not conducted by the district court in providing him a reasonable sentence.

In addition, Mr. Smith suggests certain factors required to be considered under 18 U.S.C. § 3553(a) are in conflict with the Guidelines. Specifically, he claims that even though § 3553(a) requires the courts to evaluate the defendant's history and characteristics, the Guidelines forbid consideration of the defendant's age under U.S.S.G. § 5H1.1; education and vocational skills under § 5H1.2; mental and emotional condition under § 5H1.3; physical condition, including drug or alcohol dependence, under § 5H1.4; employment record under § 5H1.5; family ties and responsibilities under § 5H1.6; socio-economic status under § 5H1.10; civic and military contributions under § 5H1.11; and lack of guidance as a youth under § 5H1.12. He also argues that while § 3553(a)(2)(D) requires a sentencing court to evaluate the need to provide the defendant with education, training, treatment, or medical care, U.S.S.G. § 5C1.1 contradicts those factors by limiting the circumstances in which a court can impose a sentence other than imprisonment.

We review for reasonableness the sentence imposed and have determined a presumption of reasonableness attaches to a sentence, like here, which is within the correctly calculated Guidelines range. *See United States v. Kristl*, 437 F.3d 1050, 1053-54 (10th Cir. 2006) (*per curiam*). We require reasonableness in two respects: "the length of the sentence, as well as the method by which the sentence was calculated." *Id.* at 1055 (emphasis omitted). If the district court "properly

considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable," but "[t]he defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Id.* In determining whether the district court properly considered the applicable Guidelines, we review its legal conclusions de novo and its factual findings for clear error. *Id.* at 1054.

We have held "[t]here is no question that, in addition to guiding our reasonableness review on appeal, the sentencing factors set forth in 18 U.S.C. § 3553(a) must be considered by the district court itself when imposing a sentence." *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1115 (10th Cir. 2006). When the district court allows a defendant to make an argument that any of these factors warrant a below-Guidelines-range sentence and then imposes a sentence at the low end of the Guidelines range, we have said this "may fairly be read as a functional rejection of [his] arguments and a denial of his request for a below-Guidelines sentence." *Id.* When addressing a district court's consideration of the § 3553(a) factors, "[w]e do not require a ritualistic incantation to establish consideration of a legal issue, nor do we demand that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." *United States v. Lopez-Flores*, 444 F.3d 1218, 1222 (10th Cir. 2006) (quotation marks and citation

omitted), *petition for cert. filed* (U.S. Jul. 7, 2006) (No. 06-5217).  While "we will not demand that a district court recite any magic words" to support its conclusions, neither will we "presume the district court weighed a party's arguments in light of the § 3553(a) factors where the record provides no indication that it did so and no clear explanation of the sentence imposed." *Sanchez-Juarez*, 446 F.3d at 1115-16 (quotation marks and citations omitted).

> [W]here a defendant has raised a nonfrivolous argument that the § 3553(a) factors warrant a below-Guidelines sentence and has expressly requested such a sentence, we must be able to discern from the record that the sentencing judge did not rest on the guidelines alone, but considered whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors.

*Id.* at 1117 (quotation marks, alterations, and citation omitted).  However, "[w]hen the defendant has not raised any substantial contentions concerning non-Guidelines § 3553(a) factors and the district court imposes a sentence within the Guidelines range, our post-*Booker* precedents do not require the court to explain on the record how the § 3553(a) factors justify the sentence." *Lopez-Flores*, 444 F.3d at 1222.

With these principles in mind, we note the district court in this case explicitly considered the factors in § 3553(a),[2] including the nature and

---

[2]  18 U.S.C. § 3553(a) provides, in part, that the court shall consider:

(1) the nature and circumstances of the offense and the history and
(continued...)

circumstances of Mr. Smith's offenses, together with his characteristics and criminal history. Thus, the record provides a clear "indication" it considered these requisite factors, together with Mr. Smith's argument for a below-Guidelines-range sentence based on his poverty, upbringing, incarceration of his mother and stepfather, education, remorse, children, guilty plea, need for rehabilitation, maturity during that time, and request for a sixteen-year sentence, as well as the amount of time since his last prior conviction and the effect of the career offender enhancement on his sentence. *See Sanchez-Juarez*, 446 F.3d at 1115-16. When the district court imposed a sentence at the low end of the Guidelines range, it was "a functional rejection of [his] argument[] and a denial of his request for a below-Guidelines sentence." *Id.* at 1115. Because the district court properly considered the relevant Guidelines range and sentenced Mr. Smith within that range, his sentence is presumptively reasonable and he has clearly not

---

[2](...continued)
characteristics of the defendant;
(2) the need for the sentence imposed--
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available; ...
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

rebutted this presumption by demonstrating the sentence is unreasonable in light of the sentencing factors in § 3553(a). *See Kristl*, 437 F.3d at 1055. Based on this conclusion and due to judicial economy, we decline to address Mr. Smith's cursory argument the district court failed to consider the § 3553 factors, resulting in an unreasonable sentence in violation of the Eighth Amendment prohibition against cruel and unusual punishment.

In addition, contrary to Mr. Smith's contention, it is clear the district court applied the Guidelines in an advisory manner, as evidenced by its explicit statement the Guidelines are now advisory. Therefore, we reject Mr. Smith's misguided contentions the district court somehow impermissibly applied the Guidelines in a mandatory manner because of an innocuous statement and use of certain nomenclature at sentencing. For instance, when the district court stated, "the findings of fact that are pertinent to the sentencing," it did so only after both parties indicated they did not have any objections to the presentence report and prior to Mr. Smith's counsel's argument of factors supporting a below-Guidelines-range sentence. Nor do we believe the district court's reference to a "major departure" supports Mr. Smith's argument it applied the Guidelines mandatorily. The district court simply used the government's nomenclature in referring to Mr. Smith's request for a below-Guidelines-range sentence under

§ 3553 as a "departure," rather than a "variance."[3] The district court's inadvertent reference to a "departure" does not change the fact it applied the Guidelines in an advisory manner.

Finally, with regard to Mr. Smith's argument that the § 3553(a) factors are in conflict with various listed U.S.S.G. Chapter 5 policy statements, the record does not establish he raised the issue before the district court for its consideration. We have long declined to rule on issues not raised in the district court when the defendant cannot show an impediment precluded his raising the issue or that the ground not raised constituted plain error resulting in manifest injustice. *See United States v. Orr*, 864 F.2d 1505, 1508 (10th Cir. 1988).

---

[3] As we recently clarified:

[W]hen a court reaches a sentence above or below the recommended Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines, the resulting increase or decrease is referred to as a "departure." When a court enhances or detracts from the recommended range through application of § 3553(a) factors, however, the increase or decrease is called a "variance."

*United States v. Atencio*, ___ F.3d ___, 2007 WL 102977, at *6 n.1 (10th Cir. Jan. 17, 2007) (No. 05-2279) (slip op.) (en banc request denied).

-11-

IV.  Conclusion

For these reasons, we **AFFIRM** Mr. Smith's conviction and sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge