FILED
United States Court of Appeals
Tenth Circuit

April 14, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MAURICO KEJUAN SMITH, a/k/a
Maurico Kijuan Smith,

Defendant-Appellant.

No. 08-5173
(D.C. Nos. 4:08-CV-00337-JHP-FHM
and 4:06-CR-00043-JHP-1)
(N.D. Okla.)

ORDER DENYING
CERTIFICATE OF APPEALABILITY

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Maurico Kejuan Smith, a federal prisoner proceeding pro se,[1] requests a

certificate of appealability ("COA") to appeal the district court's denial of his 28

U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Because

reasonable jurists would agree both that Smith was not entitled to his choice of

appointed counsel and that his appointed counsel did not fall below an objective

standard of reasonableness, we deny a COA and dismiss the appeal.

---

[1] Because Smith proceeds pro se, we liberally construe his application for a
COA. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**I**

On March 7, 2006, a federal grand jury indicted Smith on five counts: (1) possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii); (2) possession with intent to distribute heroin, in violation of §§ 841(a)(1) and (b)(1)(C); (3) possession with intent to distribute marijuana, in violation of §§ 841(a)(1) and (b)(1)(D); (4) possession of a firearm in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1); and (5) possession of a firearm and ammunition after a previous felony conviction, in violation of §§ 922(g)(1) and 924(a)(2). Smith was originally charged in Oklahoma state court and was represented by privately retained counsel, Gene Dennison, but those charges were dismissed out of deference to the subsequent federal indictment. All the charges arose out of a traffic stop that occurred on February 8, 2006.

Once in federal court, Smith submitted an affidavit demonstrating that he was financially unable to employ his own counsel, thus the district court appointed Frank Lockhart to defend him against the federal charges. On April 7, 2006, acting through Lockhart, Smith filed a motion to suppress evidence obtained as a result of the stop of his vehicle. Adopting the magistrate's report and recommendations, the district court denied the motion on May 4, 2006. Lockhart then attempted to negotiate a conditional plea agreement with the

government that would have allowed Smith to appeal the denial of his suppression motion, but the government would not consent to such an agreement.

On May 12, 2006, Smith pleaded guilty without a plea agreement to all five charges. The district court sentenced Smith to 322 months' imprisonment. Because the government did not consent to a conditional plea, Smith's guilty plea waived his right to appeal the denial of his motion to suppress. See United States v. Salazar, 323 F.3d 852, 856 (10th Cir. 2003). Smith was therefore able to appeal only the reasonableness of his sentence, which this court affirmed. United States v. Smith, 219 F. App'x 765 (10th Cir. 2007) (unpublished).

On June 5, 2008, Smith timely filed a motion to vacate his sentence under 28 U.S.C. § 2255. The district court denied the motion on October 23, 2008, and entered judgment in favor of the United States. It subsequently denied Smith's request for a COA but granted his motion to proceed in forma pauperis on appeal.

## II

Before us, Smith claims two errors: (1) that his Sixth Amendment right to counsel was violated when the district court allowed Lockhart to represent him rather than Dennison, Smith's counsel of choice; and (2) that Lockhart was constitutionally ineffective for failing to preserve Smith's right to file a direct appeal challenging the denial of his motion to suppress. Because the district court denied Smith's habeas petition and his request for a COA, he may not appeal the district court's decision absent a grant of a COA by this court.

§ 2253(c)(1)(B). To obtain a COA, Smith must make a "substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires him to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Smith first claims that his Sixth Amendment rights were violated when the district court allowed Lockhart to represent him rather than Dennison, Smith's counsel of choice. But Lockhart was appointed counsel, and contrary to Smith's assertion on appeal, the Sixth Amendment does not guarantee indigent defendants appointed counsel of their choice: "The constitutional guaranty to be represented by counsel does not confer upon the accused the right to compel the court to appoint such counsel as the accused may choose. On the contrary, the selection of counsel to be appointed for an accused rests in the sound discretion of the court." Tibbett v. Hand, 294 F.2d 68, 73 (10th Cir. 1961). Thus, the Sixth Amendment guarantees only effective counsel, Strickland v. Washington, 466 U.S. 668, 686 (1984), and, as we explain below, Lockhart was not constitutionally ineffective.

Smith also claims that his rights were violated when Lockhart, rather than Dennison, represented him because he did not require appointed counsel and should therefore have been allowed to choose his own attorney. Smith attached

- 4 -

an affidavit to his appellate brief explaining this claim. But we are not free to consider such an affidavit submitted for the first time on appeal, see Utah v. U.S. Dep't of Interior, 535 F.3d 1184, 1195 n.7 (10th Cir. 2008), and moreover, the record belies Smith's contention. Lockhart was appointed only after Smith attested to his financial inability to employ his own counsel. Moreover, there is no indication in the record that Smith ever attempted to fire Lockhart and replace him with Dennison, which Smith was free to do had he been financially able. Accordingly, reasonable jurists would agree that Smith's Sixth Amendment rights were not violated when Lockhart, rather then Dennison, served as trial counsel.

Smith also complains that Lockhart was ineffective for failing to preserve his right to appeal the denial of the motion to suppress. To establish ineffective assistance of counsel, Smith must show (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that this conduct prejudiced the proceedings such that, absent counsel's errors, the outcome would have been different. Strickland, 466 U.S. at 687-88, 694. We employ a strong presumption that counsel acted within the wide range of reasonable professional assistance. Id. at 689.

We conclude that Lockhart did not act unreasonably by failing to preserve Smith's right to challenge the denial of the motion to suppress. Smith had two avenues by which he could have preserved appellate review of his motion: proceed to trial or enter a conditional plea agreement with the government

- 5 -

pursuant to Federal Rule of Criminal Procedure 11(a)(2). Smith does not contend that Lockhart was ineffective for advising him not to go to trial, therefore we confine our analysis to the conditional plea issue. Under the terms of Rule 11(a)(2), a defendant may not enter a conditional plea that preserves appellate review of the denial of a pretrial motion without the consent of the government. Fed. R. Crim. P. 11(a)(2). The record in this case indicates that Lockhart diligently pursued such an agreement, but the government refused to consent. In spite of Lockhart's best efforts, such a plea was not available to Smith, and Lockhart certainly did not fall below an objective standard of reasonableness by not securing one. Reasonable jurists would agree that Smith's trial counsel was not constitutionally ineffective.

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge